Richard Thompson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 16, 1983, to Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, November 1, 1983:

This is an appeal by Richard Thompson (Petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board) which denied Petitioner administrative relief and affirmed his recommitment as a technical parole violator to serve a total of nine months backtime.

Petitioner was released on parole from the State Correctional Institution at Graterford on July 6, 1982. In addition to the regular conditions of parole, Petitioner was directed to attend out-patient drug therapy. On December 27, 1982 Petitioner was arrested by the Board and charged with violation of condition 3a of his parole (not reporting as instructed) and special condition 6 (failing to attend out-patient drug therapy). A parole violation hearing was held on January 11, 1983. As a result of the hearing, the Board ordered Petitioner recommitted as a technical parole violator to serve three months backtime for failing to report as instructed and six months backtime for violation of the special condition of parole. Petitioner filed a Request for Administrative Relief under 37 Pa. Code §71.5(h). Administrative Relief was denied on April 2, 1983 and appeal to this Court followed.[1]

Petitioner contends that the backtime ordered by the Board was harsh and excessive under the circum-

---

[1] Petitioner filed a Petition for Review pro se on April 28, 1983. Counsel was appointed to represent Petitioner in this appeal and a formal Petition for Review was filed on May 24, 1983. On July 5, 1983 Petitioner filed a motion for summary relief under Pa. R.A.P. 1532(b). The Board was directed to file briefs in opposition to the motion on August 5, 1983. On August 8, 1983 the respondent Board filed a cross motion for summary relief. Disposition of this case was assigned to the author on August 16, 1983 for disposition on briefs.

stances and amounted to abuse of discretion. At the violation hearing he admitted that he attended the required drug therapy only twice but testified that he failed to attend because 1) he had been told by his initial parole agent that he need not attend so long as he did not submit a positive urine sample, and 2) he was not eligible for a Department of Public Assistance Medical Card and could not afford the drug treatment. Petitioner further testified that he failed to report as instructed because he had been in an automobile accident on November 28, 1982 and was injured. Testimony by Petitioner's current parole agent indicated that he visited Petitioner at his home on November 30, 1982 and instructed Petitioner to report to him at the parole office on December 6, 1982. The agent testified that Petitioner did not report. On December 13, 1982 Petitioner was admitted to Miserecordia Hospital and remained there until December 18, 1982. The parole agent testified that Petitioner called on December 13 from the hospital, and was instructed to report on December 20, 1982. Petitioner testified that as a result of his injury he was unable to report in person and instructed his wife and son to call. He testified that they indicated to him that the parole agent was not available when called. The parole agent testified that neither on December 6, 1982 nor on December 20, 1982 did Petitioner report, nor did he call, nor did the agent receive any message that he or his family had called. There was also no corroborating evidence indicating Petitioner was excused from attending drug therapy because his urine sample was negative or that he had ever been so instructed. Also lacking was corroborating testimony that the treatment was prohibitively expensive. The record amply supports the Board's determination that Petitioner violated the conditions of his parole.

156 

The Board has broad discretion in parole matters. *Bradshaw v. Pennsylvania Board of Probation and Parole,* Pa. Commonwealth Ct. , 461 A.2d 342 (1983). The Board's regulations provide presumptive ranges for recommitment for technical parole violations. The regulations note:

> The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision.

37 Pa. Code §75.3(b). The presumptive ranges in the regulations provide a range between three and six months for failure to report as instructed and between six and fifteen months for multiple violations of that condition. 37 Pa. Code §75.4. In addition, violations of special conditions are to be dealt with *at least as severely* as the least serious of the general condition, *i.e..* a presumptive range of *at least* three to six months, 37 Pa. Code §75.3(f). The backtime ordered was therefore at the lower end of a presumptive range of between nine and twenty-one months for the two violations of condition 3a and the violation of the special condition relating to drug therapy. The record does not support Petitioner's assertion that the Board failed to consider his testimony regarding mitigating factors contributing to his parole violations. Nor can we find abuse of the Board's discretion in its determination that these factors did not excuse the technical violations.

Accordingly, the action of the Board is affirmed.

ORDER

Now, November 1, 1983, Petitioner's motion for summary relief is denied; Respondent's cross motion for summary relief is granted and the action of the

Pennsylvania Board of Probation and Parole in the above referenced matter, dated April 2, 1983 is hereby affirmed.