514 A.2d 638

John Pitch, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs July 15, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, August 26,1986:
This is a parole revocation appeal wherein John Pitch petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that denied him administrative relief from a Board parole revocation order. That revocation order revoked his parole and recommitted him to prison as a technical and convicted parole violator to serve the remaining balance, two years, nine months, and twelve days, on his original sentence. We affirm.

The factual background of this case is somewhat complex and the record presents the following facts which are pertinent. Pitch was initially sentenced to a term of one to five years in Lebanon County Common Pleas Court as a result of his conviction for Theft by Deception[1] and Forgery.[2] He was last paroled by the Board on November 5, 1981,[3] to a plan in Denver, Colorado. Colorado parole authorities had agreed to supervise him on behalf of the Board pursuant to the Interstate Compact.[4]

On May 31, 1982, Pitch was arrested by Colorado authorities and charged with Robbery.[5] He posted bail and Colorado authorities allowed him to remain at liberty on parole. He absconded on or about September 1, 1982 but was subsequently arrested in Canada and returned to Colorado authorities.[6] He was convicted of Robbery in El Paso County, Colorado, Court on March 4, 1983 and was sentenced to a term of two years in a Colorado state prison. The Board subsequently filed its detainer against him with Colorado authorities.

---

[1] 18 Pa. C. S. §3922.

[2] 18 Pa. C. S. §4101.

[3] Pitch was originally paroled on this sentence by the Board on August 2, 1980. However, he was arrested fifteen days later as a result of his failure to attend out-patient therapy and moving without permission and the Board recommitted him as a technical parole violator on January 2, 1981.

[4] Act of June 25, 1937, P.L. 2086, *as amended*, 61 P.S. §§321-323. *See also* Colo. Rev. Stat. §§24-60-301—24-60-309.

[5] Colo. Rev. Stat. §18-4-301.

[6] Pitch was arrested in Edmonton, Alberta, Canada, by Royal Canadian Mounted Police for being in possession of stolen property and possession of drugs. Canadian authorities did not prosecute these charges after he was turned over to Colorado authorities on the robbery charge. The Board did not take action to declare him delinquent prior to learning of his Canadian arrest.

He was paroled on the Colorado sentence on September 19, 1983 and refused extradition to Pennsylvania and was released on bond pending an extradition hearing.[7] The Board declared him delinquent effective January 5, 1984, when he failed to appear in Colorado for a *habeas corpus* hearing. His whereabouts continued to be unknown until his arrest on May 15, 1985 in Parkesburg, Pennsylvania, for Disorderly Conduct,[8] Public Drunkenness,[9] and Harassment.[10] The Board lodged its warrant and detainer the following day and Pitch was confined in Chester County Prison.

The Board afforded Pitch with a parole Violation/Revocation Hearing at the Chester County Prison on June 10, 1985 before a Board hearing examiner. After a discussion with the hearing examiner and his family, he waived counsel and proceeded to admit to all of the asserted parole violations.[11] Based upon his admissions,

---

[7] The record is unclear as to how Pitch was able to secure his release from confinement while the Board warrant was lodged against him. The Interstate Compact provides for a streamlined method by which parole violators are returned to the sending state by the receiving state. *See* 61 P.S. §321. Additionally, in order to have his parole supervised by Colorado, the Board required Pitch to sign an agreement whereby he agreed to return to Pennsylvania which effected a waiver of any right to a more elaborate extradition process. *See Davis v. Pennsylvania Board of Probation and Parole,* 91 Pa. Commonwealth Ct. 513, 498 A.2d 6 (1985). The parole agent testifying at the June 10, 1985 hearing indicated that there was some confusion on the part of the Colorado court as how to handle Pitch's refusal to waive extradition to Pennsylvania. N.T. (6/10/85) 17-19, R.R.27-29.

[8] 18 Pa. C. S. §5503.

[9] 18 Pa. C. S. §5505.

[10] 18 Pa. C. S. §2709.

[11] The Board asserted Pitch violated general conditions 1 (leaving the parole district without permission); 2 (changing residence without permission); 3A (failing to report as instructed); and 4 (failing to obey all federal, state and local laws). *See* 37 Pa. Code

as well as documents submitted by Pennsylvania and Colorado authorities, the Board revoked his parole and ordered him recommitted as a technical parole violator to serve eighteen months on backtime and as a convicted parole violator to serve the unexpired term, two years, nine months, and twelve days, of his Lebanon County sentence. The Board also extended the maximum term expiration date of that sentence to March 7, 1988. *See* 61 P.S. §331.21a(a). An administrative appeal filed by Pitch was denied by the Board on September 5, 1985 and appeal to this Court followed.

In this appeal, the sole issue preserved for our determination is whether there is substantial evidence to support the Board's finding that Pitch violated general parole conditions 1, 2, 3A, and 4. He does not contest his recommitment as a convicted parole violator. Of course, our scope of review of a Board parole revocation order is limited to determining whether necessary findings are supported by substantial evidence, an error of law committed, or whether any of the parolee's constitutional rights was violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

Here, Pitch expressly admitted that the asserted parole violations were true. He admitted that he had left his parole district without permission, a violation of general parole condition 1. N.T. (6/10/85) 9-10, R.R.19-20. He also admitted he changed his residence without permission, a violation of general parole condition 2. N.T. (6/10/85) 11, R.R.21. He further admitted failing to re-

---

§§63.4(1), (2), (3)(i), and (4). The Board also asserted that he violated his parole by committing a crime, to-wit Robbery, while on parole of which he was subsequently convicted. *See* Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21a(a).

port regularly to the parole supervision staff, a violation of general parole condition 3A. N.T. (6/10/85) 11, R.R.21. Finally, he admitted to failing to comply with federal, state, or local laws, a violation of condition 4. N.T. (6/10/85) 12-13, R.R.22-23. We have previously held that a parolee's admissions to asserted parole violations constitute substantial evidence upon which to base a parole revocation order. *Heckrote v. Pennsylvania Board of Probation and Parole,* 77 Pa. Commonwealth Ct. 131, 465 A.2d 822 (1983).

Pitch, however, challenges the propriety of the Board's reliance upon his admissions. He initially argues that his admissions cannot be considered since the Board failed to establish the *corpus delicti* of the parole violations before it solicited his admission to those violations. This argument is based upon the rule in criminal prosecutions that the Commonwealth cannot introduce a defendant's confession until it first establishes by independent evidence that a crime has in fact occurred. *See Commonwealth v. Moore,* 466 Pa. 510, 353 A.2d 808 (1976); *Commonwealth v. Stoltzfus,* 462 Pa. 43, 337 A.2d 873 (1975). The *corpus delicti* rule is based upon the grounds of the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed. *Commowealth v. Ware,* 459 Pa. 334, 365, 329 A.2d 258, 274 (1974); *Commonwealth v. Turza,* 340 Pa. 128, 134, 16 A.2d 401, 404 (1940). That rule, however, is applicable only to criminal prosecutions. In *Nelson v. Pennsylvania Board of Probation and Parole,* 35 Pa. Commonwealth Ct. 23, 384 A.2d 1033 (1978), we held that the establishment of the *corpus delicti* is not required in the Board's parole revocation proceedings since the thrust of the Board's inquiry does not go to criminality. We based our conclusion in *Nelson* upon the principle that parole revocation hearings need

not be conducted with the same evidentiary rules as apply in a criminal prosecution growing out of the same facts. *See Morrissey v. Brewer,* 408 U.S. 471 (1972); *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973).

Additionally, the Board's revocation proceedings are governed by Section 505 of the Administrative Agency Law, 2 Pa. C. S. §505, which states that Commonwealth agencies are not bound by technical rules of evidence and that all relevant evidence of reasonably probative value may be admitted and received. Our Supreme Court has held that the Board is a Commonwealth agency. *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050 (1981). There can be no question that a parolee's admissions to asserted parole violations constitute relevant evidence of reasonably probative value to the Board's inquiry and may be properly considered under Section 505. The Board, therefore, committed no error in soliciting Pitch's admissions and utilizing them to find that he violated the four general conditions of parole specified.

Pitch's alternative attack upon the validity of his express admissions to the technical parole violations is based upon his lack of representation by counsel. He argues his waiver of counsel was neither knowing, voluntary, nor intelligent and, therefore, his admissions were neither knowing, voluntary, nor intelligent. Our review of the hearing transcript shows that this contention is without merit.

There can be no question that a parolee's statutory right to the assistance of counsel can be waived without the extensive on-the-record colloquy required by Pa. R. Crim. P. 318. *See Murray v. Jacobs,* 99 Pa. Commonwealth Ct. 39, 512 A.2d 785 (1986); *Hill v. Pennsylvania Board of Probation and Parole,* 89 Pa. Commonwealth

Ct. 140, 492 A.2d 80 (1985); *Coades v. Pennsylvania Board of Probation and Parole,* 84 Pa. Commonwealth Ct. 484, 480 A.2d 1298 (1984), *allocatur denied,* No. 143 M.D. Allocatur Docket 1984 (filed March 13, 1985). All that is required for a parolee to effectively waive counsel is for the Board to comply with its own administrative regulations by informing the parolee, both orally and in writing, of the right to counsel, to free counsel if indigent, the name and address of the local public defender, that the parolee will not be penalized in any way for requesting counsel, and documenting the waiver on the Board's waiver of counsel form, PBPP-72. *See* 37 Pa. Code §§71.2(15) and 71.4(5)(iv); *Hill,* 89 Pa. Commonwealth Ct. at 144-145, 492 A.2d at 83; *Coades,* 84 Pa. Commonwealth Ct. at 499, 480 A.2d at 1306. Our review of the transcript satisfies us that this did indeed occur and when Pitch appeared without counsel, the hearing examiner expressly offered him a continuance in order to procure the presence of counsel in accordance with our dictates in *O'Hara v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985) and *Brown v. Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 597, 453 A.2d 1068 (1982). Pitch declined the offered continuance and expressed his desire to proceed without benefit of counsel. N.T. (6/10/85) 1-2, R.R. 11-12.

Pitch's admissions likewise evidence a knowing and voluntary decision. While admitting to the parole violations asserted by the Board, he also presented his justification for those violations. Additionally, he presented testimony from his sister which supported his justification evidence which was based upon his father's terminal illness. Viewing the record as a whole, we cannot say that his admissions were not knowing, voluntary or intelligent because the strategy behind them was ulti-

mately unsuccessful. The Board has been given broad discretion in parole matters and is not required to accept justifying or mitigating evidence to excuse the commission of parole violations. *See Thompson v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commonwealth Ct. 153, 466 A.2d 1149 (1983) (Board does not abuse its discretion where it determines that mitigating evidence presented by parolee does not excuse technical parole violations).

Having found the Board's order supported by substantial evidence and no error of law having been committed, we shall affirm the Board's denial of administrative relief.

### ORDER

NOW, August 26, 1986, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 0769-P, dated September 5, 1985, that denied administrative relief to John Pitch, is hereby affirmed.