**Antonio SOLANO, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 17, 2005.

Decided July 28, 2005.

Ordered Published Oct. 7, 2005.

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Freimuth, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEADBETTER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge LEADBETTER.

Antonio Solano petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from the Board's recommitment order revoking his parole and recommitting him as a technical parole violator to serve eighteen months backtime. We reverse.

Solano, a member of the Latin Kings gang, was convicted in May 2002 for the crimes of delivery of a controlled substance and illegal possession of a firearm. He was paroled from a State Correctional Institution on September 22, 2003, upon several special parole conditions, including the condition at issue in the present case, "zero tolerance for any gang activity— mandatory." On June 17, 2004, the Board issued a warrant to commit and detain Solano as a technical parole violator upon the charge that he visited Carlos Montezu-

ma, a known member of the Latin Kings, at Lehigh County Prison on June 14, 2004. On June 22, 2004, a violation hearing was held. At the hearing, at which Solano appeared *pro se*, Solano's parole agent informed him that he was charged with a technical parole violation of Condition 7(a), "zero tolerance for any gang activity— mandatory." The agent then offered the Board's supporting evidence—that Solano visited Montezuma knowing that he was a member of the Latin Kings. The hearing examiner then asked Solano, "[are] you admitting that violation, sir?" Solano responded, "yes." However, Solano qualified this admission on several occasions, stating that he didn't understand "gang activity" to include visiting and conversing with another gang member in prison. According to Solano, he thought the condition prevented him from meeting and hanging out on the street with other gang members. Solely on the basis of Solano's qualified admission, the Board found him in violation of the special condition and recommitted him to serve eighteen months. Solano filed a petition for administrative relief,[1] which the Board denied, again concluding that Solano's admission constituted sufficient evidence to support Solano's recommitment. This petition for review followed.

On appeal, Solano argues that his admission to visiting Montezuma in prison does not constitute substantial evidence to support his recommitment because visiting and conversing with a gang member, without more, does not constitute "gang activity."[2] Intertwined with this argument is

1. In his request for administrative relief, Solano averred, *inter alia,* that there was not substantial evidence to support the conclusion that he violated the condition and that the condition was vague and ambiguous.

2. Solano also argues that the special condition is overly vague and thus violates his due

process rights. However, because we find in favor of Solano on other grounds, we need not reach this issue. Our scope of review under Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, therefore, is limited to determining whether necessary findings of fact are supported by substantial evidence.

that the condition is overly vague and cannot be understood to include visiting and conversing with a gang member.[3] We agree.

We note first that, if the Board intended to prohibit Solano from conversing with another gang member, it could easily have imposed a clear condition prohibiting Solano from associating with, meeting with, or talking to any known member of the Latin Kings. In fact, another one of the special conditions imposed by the Board provided that Solano was to "not contact or associate with" his co-defendants, but there is no evidence or allegation that Montezuma was a co-defendant. Obviously, had the Board imposed the specific condition that Solano was "not to contact or associate with" any Latin Kings gang member, the prison visit would have violated that restriction, but it did not do so.

 The phrase "gang activity" is not defined by either the act commonly referred to as the Parole Act[4] or the Board's regulations. What constitutes "gang activity" is not judicially defined either. Solano notes that, when discussed in caselaw, "gang activity" is considered to involve criminal and anti-social acts such as murder, assault, robbery, and drug dealing. Many people of common intelligence could well consider "gang activity" to mean actual participation in these stereotypical gang activities, but not merely visiting and conversing with a gang member. It is noteworthy that the Board does not even attempt to argue that merely conversing with a gang member, without evidence as to what the conversation concerned, constitutes "gang activity." We find that the special condition "zero tolerance for any gang activity—mandatory" is ambiguous. When a condition imposed by the Board is vague, ambiguous or capable of various interpretations, this court will construe it against the Board when determining whether it has been fulfilled or violated. *Pettibone v. Bd. of Prob. & Parole*, 782 A.2d 605, 609 (Pa.Cmwlth.2001) (holding that condition requiring that parolee notify his parole agent of his arrest within seventy-two hours did not require that the parolee personally notify agent, and, thus, was fulfilled when parolee's parents notified the agent). Therefore, we construe the condition against the Board and conclude that merely conversing with another gang member, at least in the restricted environment of a prison where the nature of the contact can be controlled and monitored, without more, does not constitute "gang activity." The Board argues in its brief that Solano and Montezuma "discussed gang business," and if proven, such conduct could well constitute "gang related activity." However, the record is devoid of any such evidence. The Board's suggestion that it did not need to prove the offending conduct because Solano "admitted the violation" is specious. Solano plainly admitted only that he visited Montezuma, believing that the visit did not violate his parole. If there was any evi-

---

*Hudak v. Bd. of Prob. & Parole*, 757 A.2d 439 (Pa.Cmwlth.2000).

3. We reject the Board's argument that Solano waived his right to raise the issue that the condition is overly vague because he did not object when it was originally imposed. Obviously, if a condition has not been violated, there would not be substantial evidence to support the Board's recommitment of a parolee based upon a violation. Accordingly, the

issue of vagueness of a condition will be preserved for judicial appeal if it is raised at the same time the issue of lack of substantial evidence can first be raised before the Board. Thus, Solano preserved this issue for administrative and judicial appeal when he raised it himself at his violation hearing.

4. Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §§ 331.1–331.34a.

dence that more occurred than a social visit, the Board should have presented it.[5]

Accordingly, we reverse.

## ORDER

AND NOW, this 28th day of July, 2005, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby REVERSED.

---

**5.** The Board's argument that Solano's admission to what the Board considered a violation of the special condition "zero tolerance for any gang activity—mandatory," by itself constitutes substantial evidence to support the Board's revocation order is without merit. The Board relies on *Pitch v. Board of Probation and Parole,* 100 Pa.Cmwlth. 114, 514 A.2d 638 (1986), where this court held that a parolee's admissions to parole violations constitutes substantial evidence upon which to base a revocation order. However, *Pitch* can be readily distinguished because there the parolee expressly admitted to acts—leaving the parole district without permission, changing his residence without permission, failing to report to his parole agent, and failing to comply with federal, state, or local laws—which actually constituted parole violations. *Id.* at 640. Here, the issue is not whether Solano visited Montezuma, but whether that act alone constituted a violation.