# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dorrell Dupree Colbert, : 
                         Petitioner : 
                         : 
        v.               : No. 2376 C.D. 2014
                         : Submitted: June 5, 2015
Pennsylvania Board of Probation : 
and Parole,              : 
                         Respondent : 

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
         HONORABLE ROBERT SIMPSON, Judge
         HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: August 6, 2015**

Dorrell Dupree Colbert (Colbert) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that recommitted him to serve his unexpired term of three years, one month and thirty days backtime as a convicted parole violator. Also before us is a petition to withdraw as counsel filed by Colbert's court-appointed attorney, Nicholas E. Newfield, Esquire (Attorney Newfield) on the ground that Colbert's appeal is without merit. For the reasons that follow, we grant Attorney Newfield's petition to withdraw as counsel, and we affirm the Board's order.

In 2010, Colbert pled guilty to various criminal charges, including robbery, and was sentenced to a term of three years and six months to seven years in prison. Colbert's original minimum sentence date was December 7, 2012, and his maximum sentence date was June 7, 2016.

In 2013, the Board released Colbert on parole. Several months later, police arrested Colbert on six new criminal charges. The Board issued a warrant to commit and detain Colbert pending disposition of the new charges.

Thereafter, Colbert entered into a plea agreement in which he pled guilty to three of the new criminal charges and the remaining charges were *nolle prossed*. A common pleas court sentenced Colbert to a term of seven months to twenty-three-and-a-half months on the new charges.

Shortly thereafter, the Board scheduled a parole revocation hearing. Colbert executed a waiver of revocation hearing and counsel/admission form in which he admitted he was convicted on new criminal charges of simple assault, terroristic threats and resisting arrest.

The Board subsequently recommitted Colbert to serve his unexpired term of three years, one month and 30 days. The Board stated it considered Colbert a threat to the community. The Board calculated Colbert's new maximum sentence date as August 27, 2017.

Colbert, representing himself, filed a petition for administrative relief, asserting the Board abused its discretion in imposing the maximum backtime permitted on a first-time parole violator. The Board denied Colbert's petition for administrative relief.

Colbert filed a petition for review with this Court, asserting the imposition of backtime was arbitrary and excessive for the violations charged. Attorney Newfield filed a petition to withdraw as counsel based on his belief that Colbert's appeal is without merit. This case is now before us for disposition.

Counsel seeking to withdraw must conduct a zealous review of the case and submit a "no-merit" letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Hughes v. Pa. Bd. of Prob. & Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc); Zerby v. Shanon, 964 A.2d 956 (Pa. Cmwlth. 2009).

In Hughes, we held, where there is a constitutional right to counsel, counsel seeking to withdraw from representation of a parolee in an appeal of a Board determination should file an Anders[1] brief. Relying on Gagnon v. Scarpelli, 411 U.S. 778 (1973), we held a constitutional right to counsel arises where a parolee raises a "colorable claim":

> (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

---

[1] See Anders v. State of California, 386 U.S. 738 (1967).

Hughes, 977 A.2d at 24 (quoting Gagnon, 411 U.S. at 790). We further stated such claims would only arise in appeals from determinations revoking parole. Id. Thus, we held "[i]n an appeal from a revocation decision, this Court will apply the test from Gagnon, quoted above, and, unless that test is met, we will only *require* a no-merit letter." Id. at 26. (emphasis in original, footnote omitted). We also noted:

> As in the past, we will not deny an application to withdraw simply because an attorney has filed an Anders brief where a no-merit letter would suffice. In cases where there is no constitutional right to counsel, however, we shall still apply the standard of whether the [parolee's] claims are without merit, rather than whether they are frivolous.

Id. at 26 n.4.

The record here contains no suggestion by Colbert that he did not commit the crimes for which he received new criminal convictions. Further, Colbert does not suggest there are substantial reasons that justified or mitigated his new criminal convictions and make revocation inappropriate. Indeed, Colbert "knowingly, intelligently, and voluntarily" admitted he committed the crimes at issue, and he waived his right to a parole revocation hearing. Certified Record (C.R.) at 60. Further, the sole issue Colbert raises is not complex or difficult to develop. Thus, Colbert does not have a constitutional right to counsel under the Gagnon test; rather, he has a statutory right to counsel under Section 6(a) of the Public Defender Act.[2] Attorney Newfield, therefore, properly filed a Turner no-merit letter in seeking to withdraw his representation of Colbert.

---

[2] Act of December 2, 1968, P.L. 1144, as amended, 16 P.S. §9960.6(a)(10).

4

In order to withdraw, counsel must satisfy certain procedural requirements, which include: notifying the parolee of his request to withdraw; furnishing the parolee with a Turner letter; and, informing the parolee of his right to retain new counsel or submit a brief on his own behalf. See Zerby.

Substantively, counsel's Turner letter must contain: the nature and extent of counsel's review; the issues the parolee wishes to raise; and, counsel's analysis in concluding the parolee's appeal is meritless. Zerby. If these requirements are satisfied, we must conduct our own review of whether the issues are meritless. Id.

Here, Attorney Newfield's no-merit letter satisfies the applicable technical requirements. Attorney Newfield notified Colbert of his request to withdraw and advised him of his right to retain new counsel or file an appeal on his own behalf.[3] Further, Attorney Newfield sent Colbert copies of the petition to withdraw and the no-merit letter. Attorney Newfield also provided an analysis of the sole issue raised in Colbert's petition for review.

In addition, Attorney Newfield's no-merit letter complies with Turner. It contains a statement indicating he reviewed the proceedings affecting Colbert, Colbert's petition for review, and the record. The no-merit letter also addresses the issue Colbert raised on appeal. Moreover, it sets forth Attorney Newfield's analysis of the issue and why it is meritless. As such, Attorney Newfield complied

_____
[3] Colbert did not retain new counsel or file a brief.

5

with Turner, and we may conduct an independent review to determine whether Counsel's characterization of the appeal as meritless is correct. Zerby.

Our independent examination reveals Colbert's contention is meritless.[4] In his petition for review, Colbert contends the Board's imposition of backtime was arbitrary and excessive for the charged violations. Contrary to this assertion, "[t]his [C]ourt will not interfere with the Board's discretion where the parole violations are supported by substantial evidence and the amount of backtime imposed … is within the applicable presumptive range." Davis v. Pa. Bd. of Prob. & Parole, 841 A.2d 148, 151-52 (Pa. Cmwlth. 2004) (footnote omitted). Indeed, "[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." Smith v. Pa. Bd. of Prob. & Parole, 574 A.2d 558, 560 (Pa. 1990).

As to the applicable presumptive ranges at issue here, the Board's regulation states:

> If the Board orders the recommitment of a parolee as a convicted parole violator, the parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled, in accordance with the following presumptive ranges:

---

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66, 74 (Pa. Cmwlth. 2013), appeal denied, 87 A.3d 322 (Pa. 2014).

|                    |                        |
| ------------------ | ---------------------- |
| *Offense Categories* | *Presumptive Ranges* |

* * * *

| | |
| ------------------ | ---------------------- |
| Simple Assault     | 9 months to 15 months  |
| Terroristic Threats | 6 months to 12 months |

* * * *

| | |
| ------------------ | ---------------------- |
| Resisting Arrest   | 6 months to 12 months  |

37 Pa. Code §75.2.

Each one of a parolee's multiple convictions may be considered as a separate parole violation by the Board and the presumptive ranges of each may be aggregated. Massey v. Pa. Bd. of Prob. & Parole, 501 A.2d 1114 (Pa. 1985). This is true even where the convictions arise out of the same criminal episode. Davidson v. Pa. Bd. of Prob. & Parole, 33 A.3d 682 (Pa. Cmwlth. 2012). Additionally, the Board has broad discretion in parole matters and is not required to accept justifying or mitigating evidence to excuse the commission of parole violations. Pitch v. Pa. Bd. of Prob. & Parole, 514 A.2d 638 (Pa. Cmwlth. 1986).

Here, based on Colbert's new criminal convictions for simple assault, terroristic threats and resisting arrest, the Board had discretion to impose a maximum aggregate backtime sentence of 39 months. 37 Pa. Code §75.2; Massey; Davidson. The Board imposed backtime of three years, one month and 30 days (or about 38 months), Colbert's unexpired term. C.R. at 72. In so doing, the Board stated Colbert was a threat to the community. Id. Because the backtime imposed is within the presumptive range for the admitted parole violations, Colbert's appeal is without merit. Smith; Davis. Accordingly, we grant Attorney Newfield's

petition for leave to withdraw as counsel and affirm the Board's order denying administrative relief.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dorrell Dupree Colbert,       :
              Petitioner      :
                                :
         v.                 :    No. 2376 C.D. 2014
                                :
Pennsylvania Board of Probation      :
and Parole,                         :
              Respondent    :

# **O R D E R**

     **AND NOW**, this 6th day of August, 2015, we **GRANT** Nicholas E. Newfield's petition to withdraw as counsel, and we **AFFIRM** the order of the Pennsylvania Board of Probation and Parole.


                           _____
                           ROBERT SIMPSON, Judge