IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Martinez,              :
                                :
              Petitioner   :
                                :
           v.            :  No. 607 C.D. 2020
                                : Submitted: December 17, 2021
Pennsylvania Parole Board,   :
                                :
             Respondent :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: June 22, 2022

Michael Martinez (Parolee) petitions for review of the May 19, 2020 order of the Pennsylvania Parole Board (Board), which affirmed in part and reversed in part the Board's December 20, 2019 and January 17, 2020 decisions that recommitted him as a convicted parole violator (CPV) to serve 18 months of backtime, denied him credit for the time he spent at liberty on parole, and recalculated his maximum sentence date. For the following reasons, we affirm the Board.

In 2008, Parolee was sentenced on drug charges in the Philadelphia County Court of Common Pleas (Philadelphia County Court) to 3 years, 6 months to 10 years under institution number GV-2344, at which time his maximum sentence

date was October 9, 2017. Certified Record (C.R.) at 6, 13.[1] While on parole from the GV-2344 sentence, Parolee was arrested on April 8, 2012, for driving under the influence (DUI). C.R. at 1. On September 6, 2012, Parolee pleaded guilty in the Delaware County Court of Common Pleas (Delaware County Court) to DUI and was sentenced to one to five years under institution number LC-9314 with a maximum sentence date of March 7, 2018. C.R. at 1-3. Parolee was again paroled from his GV-2344 sentence on August 5, 2013, and re-entered to serve his state detainer sentence on institution number LC-9314. *Id.* at 1-3, 99, 115.

On June 8, 2015, Parolee was paroled from his LC-9314 sentence to a specialized community corrections center (CCC), from which he was unsuccessfully discharged on July 13, 2015. C.R. at 7, 15, 99. On the same day as his discharge, the Board issued a warrant for Parolee, placed him in a parole violator center, and charged him with technical parole violations for assaultive behavior and violation of program rules, *i.e.*, his unsuccessful discharge from the CCC program. *Id.* at 15. By decision dated August 14, 2015, the Board found probable cause existed as to the technical parole violations, ordered that Parolee be detained in the parole violator center, and held the violation hearing/decision in abeyance pending Parolee's completion of required programming. *Id.* at 20. Parolee remained in the center until September 2015, when he was released to an approved residence. *Id.* at 29.

While on parole from both his GV-2344 and LC-9314 sentences, Parolee was arrested in Delaware County on September 8, 2017, and charged with manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance (PWID), intentional possession of a controlled substance by a

---

[1] It appears that Parolee was paroled numerous times from the GV-2344 sentence in 2009, as well as a county sentence in Philadelphia County, and that he was thereafter reparoled on the GV-2344 number to an approved home plan in December 2010. C.R. at 3, 13, 82.

person not registered (cocaine and marijuana), and use of or possession with intent to use drug paraphernalia, stemming from an incident that occurred on August 8, 2017. C.R. at 21-24, 85.[2] The Board issued a warrant to commit and detain him the same day. *Id*. at 25. Monetary bail was also set at $100,000 on the day of Parolee's arrest, which he did not post. *Id*. at 85. On September 20, 2017, Parolee waived his rights to a detention hearing and to counsel, and, on October 18, 2017, the Board detained him pending disposition of his new criminal charges. *Id*. at 33, 36.

The Board then cancelled its warrant to commit and detain Parolee, effective March 7, 2018, upon the expiration of his maximum sentence date on his LC-9314 sentence. C.R. at 37. Parolee, however, remained in county custody due to not posting bail on his new Delaware County charges. *Id.* at 85, 115. Parolee posted bail on May 2, 2018, after which his bail was modified to unsecured on December 18, 2018, and then was changed back to monetary ($25,000) on May 31, 2019, which Parolee posted on June 3, 2019. *Id.* On July 8, 2019, bail was again modified, this time to $75,000, which Parolee did not post. *Id.* He remained confined in the Delaware County Prison until his sentencing on the new Delaware County charges. *Id*. at 52, 115.

On August 27, 2019, Parolee pleaded guilty to the Delaware County PWID charge, pursuant to a plea agreement, and was sentenced to 11½ to 23 months of confinement and 3 years of probation consecutive to confinement. C.R. at 44, 46, 86.[3] On October 2, 2019, the Board issued a detainer warrant, indicating that

---

[2] These charges were docketed in the Delaware County Court of Common Pleas at docket number CP-23-0005767-2017. C.R. at 85.

[3] The other charges were dismissed. *See* C.R. at 86. Parolee also received credit for time served for the periods of September 8, 2017, to May 2, 2018, and July 8, 2019, to August 27, 2019. C.R. at 52.

although Parolee's March 7, 2018 maximum sentence date at institution number LC-9314 had passed, his maximum sentence was being extended due to his new conviction. *Id.* at 45. Parolee surrendered to parole authorities on the same day and was transferred to a State Correctional Institution (SCI) pending the outcome of a revocation hearing. *Id*. at 52. Parolee requested a revocation hearing before a panel, counsel entered an appearance on Parolee's behalf, and the hearing was held on November 19, 2019. *Id*. at 46-48, 54, 60.

At the hearing, a parole agent testified to Parolee's new conviction, and offered into evidence the certified sentencing sheet. C.R. at 61. Parolee then acknowledged his new conviction and briefly testified about his employment history, among other things. *Id.* at 62-65. Regarding the two different institution numbers, LC-9314 and GV-2344, the hearing examiner stated that Parolee's new conviction may have jeopardized both sentences because he was arrested on the Delaware County charges prior to both maximum sentence dates expiring. *Id.* at 66. Parolee then stated that his old parole officer was supposed to close out the case at GV-2344. *Id.* at 66-67. The hearing examiner assured Parolee that a technician would figure out what was going on with the inmate numbers and accepted into evidence a letter in support of Parolee from a property manager. *Id.* at 66-68. The hearing then concluded.

Following the revocation hearing, the panel recommended that Parolee be recommitted as a CPV without any credit for time spent at liberty on parole. C.R. at 74-81. By decision mailed on December 20, 2019, the Board recommitted Parolee to an SCI as a CPV to serve 18 months' backtime, when available, pending parole from or completion of his new Delaware County sentence for PWID.[4] *Id*. at 96-97.

_____

[4] This decision listed institution number LC-9314.

4

The Board's decision did not address credit for time spent at liberty on parole, but noted that Parolee's maximum sentence date of August 24, 2022, was subject to change. *Id.* at 97.

On January 6, 2020, the Delaware County Court issued an order granting Parolee parole from his new Delaware County sentence for PWID subject to a detainer from the Board. C.R. at 98. The Board then issued another decision, mailed on January 17, 2020,[5] regarding institution number GV-2344, referring to its prior decision recommitting Parolee as a CPV for 18 months and indicating that Parolee was also recommitted/currently serving on LC-9314. *Id.* at 102-03. In its accompanying order to recommit, the Board stated: "Recommit on all institution numbers, but only recalculate on GV-2344 until further directions." *Id.* at 101. The Board declined to award Parolee credit for his time spent at liberty on parole, citing his "poor supervision history" and that his "[n]ew conviction is the same/similar to the original offense." *Id.* at 102. The Board recalculated Parolee's maximum sentence date, with respect to GV-2344, as March 11, 2024. *Id.* at 103.

Parolee submitted two administrative remedies forms, dated January 9, 2020, and February 4, 2020, challenging the Board's decision to recommit him as a CPV, the 18-month recommitment term, the Board's denial of credit for time spent

---

[5] We note that over two years have elapsed since the Board's decision that revoked Parolee's parole and ordered him to serve backtime, as well as the fact that Parolee is no longer incarcerated within our Commonwealth's prison system. *See Inmate/Parolee Locator*, Pennsylvania Department of Corrections, http://inmatelocator.cor.pa.gov (last visited June 21, 2022). It thus appears that Parolee was paroled from his 18-month backtime sentence. Despite his apparent parole, this matter is not moot because Parolee's maximum sentence date on his original sentence is December 6, 2023, *see infra* at 7, and "as a parolee, [Parolee] remains under the custody and control of the Commonwealth and subject to future recommitment for the duration of his original sentence." *Johnson v. Pennsylvania Board of Probation & Parole*, 482 A.2d 235, 236 (Pa. 1984) (stating that case is not moot where the petitioner was released on parole, but, as a parolee, he remained under the custody and supervision of the state for the duration of his original sentence).

at liberty on parole, and its recalculation of his maximum sentence date. C.R. at 104-07, 109.

In a decision mailed on May 19, 2020, the Board affirmed in part and reversed in part its December 20, 2019 and January 17, 2020 decisions. C.R. at 114-16. In so doing, the Board first explained that sufficient evidence, *i.e.*, the certified court record, was presented at the November 19, 2019 panel revocation hearing to revoke Parolee's parole based on his new conviction for PWID in Delaware County. Further, the Board explained that it has the authority to recommit a parolee for an offense that occurs while he is on parole regardless of when a detainer is lodged or when the conviction occurs. Because Parolee committed the offense while on parole from two active institution numbers, the Board was authorized to revoke his parole.

The Board next observed that the decision to grant or deny a CPV credit for time spent at liberty on parole is purely a matter of discretion under Section 6138(a)(2.1) of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138(a)(2.1), where the Board is authorized to grant or deny credit for time spent at liberty on parole for certain criminal offenses. The Board explained that it must articulate the basis for its decision to grant or deny credit pursuant to the Supreme Court's ruling in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). Here, the Board provided two reasons for denying Parolee credit: his "poor supervision history" and "[n]ew conviction is the same/similar to the original offense[,]" both of which reasons are supported by the record and thus sufficient. C.R. at 114.

As to his maximum sentence date, the Board granted Parolee's request for relief. It explained that at the time he was paroled from his GV-2344 sentence to a state detainer sentence on August 5, 2013, with a maximum date of October 9,

6

2017, Parolee had 1,526 days remaining on his sentence. Further, when he was paroled from his LC-9314 sentence on June 8, 2015, with a maximum date of March 7, 2018, he had 1,003 days remaining on that sentence. The Board explained that Parolee was not entitled to credit on his original GV-2344 sentence for time that he spent in custody on a state detainer sentence from August 5, 2013, to June 8, 2015. Further, he was not entitled to any presentence credit because he was never detained solely on the Board's warrant prior to sentencing. Additionally, the Board stated that Section 6138(a)(5) of the Code provides that because Parolee was sentenced to county incarceration, he had to serve that sentence first. 61 Pa. C.S. § 6138(a)(5). Thus, Parolee was only available to begin serving the backtime on his GV-2344 sentence upon completion of his new Delaware County sentence. The Board further explained that Parolee was not available on January 6, 2020, the day he was paroled from his county sentence, but rather, he became available to begin serving his backtime on his original GV-2344 sentence on October 2, 2019, the day that he turned himself in to the parole office and the Board relodged its detainer. Adding 1,526 days to that date yielded a recalculated maximum sentence date of December 6, 2023. The Board stated it would issue a new decision reflecting the corrected maximum sentence date.

Finally, the Board noted that the 18 months of backtime for which Parolee was recommitted is within the presumptive range of 18 to 24 months for PWID (felony) found in Sections 75.1 and 75.2 of the Board's regulations. 37 Pa. Code §§75.1-75.2. Because the 18 months falls within the presumptive range, it is not subject to challenge. The Board issued a modified order to recommit and decision, reflecting Parolee's correct custody for return date of October 2, 2019, and his new maximum sentence date of December 6, 2023. C.R. at 118-20.

7

Parolee filed a pro se petition for review[6] of the Board's decision[7] in this Court, alleging essentially the same errors as in his administrative appeals. Parolee has also filed a brief, with the assistance of counsel, arguing first that the Board abused its discretion by recommitting him under institution number GV-2344 after his maximum sentence date expired. Further, Parolee claims that the Board altered his judicially imposed sentence by requiring him to serve nearly 19 years on his original 10-year sentence under institution number GV-2344. Second, he claims that the Board improperly denied him credit for the time he spent at liberty on parole, claiming it was punitive and that the Board failed to explain how the increased sentence would be rehabilitative. Moreover, he claims that the Board ignored his mitigation evidence.[8]

---

[6] On July 17, 2020, we appointed the Public Defender of Northumberland County to represent Parolee. However, because Parolee no longer resided in Northumberland County, the Prothonotary struck the appearance of the Public Defender of Northumberland County on July 19, 2021, and designated Parolee as representing himself. Independent defense counsel thereafter entered an appearance on Parolee's behalf on August 8, 2021.

[7] Our scope of review of a Board's recommittal order is limited to determining whether necessary findings were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Johnson v. Pennsylvania Board of Probation & Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

[8] Parolee appears to have abandoned, in his counseled brief, his challenge to the 18-month recommitment term. However, even if not abandoned, Parolee would not prevail on his claim. The Board's regulations provide a set of presumptive ranges of recommitment terms for CPVs. 37 Pa. Code §§75.1, 75.2. Here, Parolee was convicted of PWID, a felony, which carries with it an 18- to 24-month presumptive range. 37 Pa. Code §75.2. The Board recommitted Parolee for 18 months, which is well within the presumptive range for the particular offense. Thus, even if Parolee did not abandon the issue, we would nevertheless decline to disturb the Board's exercise of discretion with respect to the length of backtime imposed. *See Smith v. Pennsylvania Board of Probation & Parole*, 574 A.2d 558, 560 (Pa. 1990) ("As long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.").

8

The Board responds that it was well within its authority to recommit Parolee for a crime he committed while on parole on two separate institution numbers, GV-2344 and LC-9314, and recalculate his maximum sentence date to exclude credit for time spent at liberty on parole. Moreover, its decision clarified that while it was recommitting Parolee as to both institution numbers, its recalculation of his maximum sentence date was only with respect to his GV-2344 number. According to the Board, it is also well established that, in so recalculating, the Board did not alter a judicially imposed sentence. The Board further asserts that it properly exercised its discretion to deny Parolee credit in this case and provided sufficient reasons under *Pittman* in doing so.

We first address Parolee's arguments that the Board improperly recommitted him under institution number GV-2344 after his maximum sentence date had expired, and, by so doing, improperly modified his judicially imposed sentence. Section 6138(a)(1) of the Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime at any time thereafter may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1).[9] If a parolee is recommitted as a CPV, he "shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted[.]" 61 Pa. C.S. § 6138(a)(2). As we explained in *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 73 (Pa. Cmwlth. 2013), "[i]t is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator[, and thus recalculate his maximum

---

[9] While Section 6138 of the Code was recently amended by the Act of June 30, 2021, P.L. 260, effective immediately, we nevertheless reference the version of the Code that was in effect at the time the Board rendered its decision in this matter. We note that the substance of the pertinent statutory sections both prior to and after the amendments is the same.

sentence date,] after the expiration of the maximum term, so long as the crimes that le[d] to the conviction occurred while the individual [was] on parole."[10] *See also Adams v. Pennsylvania Board of Probation & Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005).

In this case, there is no dispute that the crime to which Parolee ultimately pleaded guilty occurred on August 8, 2017, when he was at liberty on parole from both his original state sentence at institution number GV-2344, with a maximum sentence date of October 9, 2017, and another state sentence at institution number LC-9314, with a maximum sentence date of March 7, 2018. The fact that Parolee was not convicted of PWID in Delaware County until August 27, 2019, and officially recommitted as a CPV until January 2020, after the expiration of both his original GV-2344 sentence and LC-9314 sentence maximum terms, is irrelevant. Also irrelevant is the fact that the Board declared Parolee delinquent for control purposes nearly two years after the date of the incident that led to his recommitment. *See* C.R. at 43; *see also Choice v. Pennsylvania Board of Probation & Parole*, 357 A.2d 242, 243 (Pa. Cmwlth. 1976) (observing that the Board is authorized to recommit a CPV "regardless of its prior administrative actions" (quotations omitted)). Neither the date of conviction, nor the date on which the Board declares a parolee delinquent, is the operative date upon which the Board statutorily determines whether a parolee may be recommitted. Rather, the date of the offense that led to the parolee's recommitment is controlling. As such, we reject Parolee's claim that the Board lacked authority to recommit him under institution number GV-2344 as a result of a crime he committed while on parole and recalculate his original maximum sentence date after the expiration of his original sentence.

_____

[10] In *Miskovitch*, 77 A.3d at 74, the parolee received new charges while on parole in 2004, his original sentence expired in 2008, and he was not convicted on the new charges until 2010.

10

We also reject Parolee's claim that the Board altered his judicially imposed sentence, thus resulting in him serving nearly 19 years on his original 10-year sentence at institution number GV-2344. Under Section 6138(a)(1) and (2) of the Code, the Board was authorized to recalculate the amount of time that Parolee had left to serve on his original sentence. Our Supreme Court has held that the Board's recalculation of a parolee's maximum sentence is not a modification of his judicially imposed sentence, but a requirement to serve his entire original sentence. *Young v. Pennsylvania Board of Probation & Parole*, 409 A.2d 843, 845-58 (Pa. 1979).

Here, the Board did not, as Parolee suggests, unlawfully modify Parolee's judicially imposed sentence at institution number GV-2344, but instead required him to serve the remainder of that original sentence. When Parolee was paroled from his original sentence at institution number GV-2344 on August 5, 2013, with a maximum sentence date of October 9, 2017, he had 1,526 days remaining on his original sentence. Parolee was returned to the Board's custody on October 2, 2019, and became available to begin serving the remainder of his GV-2344 sentence on that date. The Board's modified order to recommit mailed on May 19, 2020, properly added the 1,526 days remaining on his original sentence to the date of his return to the Board's custody, which yielded a new maximum date of December 6, 2023.

Parolee next argues that the Board erred in denying him credit for time spent at liberty on parole. He claims that the Board's denial of credit was clearly punitive and not warranted because it did not explain how the increased sentence would be rehabilitative. As noted above, a parolee who is recommitted as a CPV must serve the remainder of the term that he would have been compelled to serve

11

had the parole not been granted, with no credit for time spent at liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit. 61 Pa. C.S. §6138(a)(2), (2.1). However, the Board is given no discretion and is required to take away a CPV's time spent at liberty on parole where the CPV has committed a crime of violence or a crime requiring sex offender registration. *Id.* §6138(a)(2.1)(i), (ii). Our Supreme Court held in *Pittman* that Section 6138(a)(2) "clearly and unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence," other than in the enumerated exceptions. *Pittman*, 159 A.3d at 473. The Supreme Court further held that "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Id.* at 475.

Parolee's argument in this regard reflects his belief that he is eligible to receive credit for his time spent at liberty on parole because the crimes for which he was convicted are not crimes of violence and do not require him to register as a sex offender, and further because the Board failed to consider mitigating factors related to his convictions in determining the amount of backtime owed. We note, however, that Section 6138(a)(2.1) does not give Parolee the right to receive credit for time spent at liberty on parole. Rather, Section 6138(a)(2.1) gives the Board complete discretion, as Parolee acknowledges in his brief, *see* Petitioner's Brief at 14, to award a CPV credit for time spent at liberty on parole unless the CPV committed a crime of violence or a crime requiring sex offender registration, in which case, the Board is given *no* discretion and must take away the CPV's time spent at liberty on parole.

Upon his recommitment as a CPV, Parolee was required to serve the remainder of the term that he would have been compelled to serve had he not been granted parole, with no credit for time spent at liberty on parole, unless the Board,

12

in the exercise of its sole discretion, chose to award credit. Section 6138(a)(2), (2.1) of the Code, 61 Pa. C.S. §6138(a)(2), (2.1). Because Parolee did not commit a crime of violence or a crime requiring sex offender registration, the Board was therefore empowered to exercise its discretion under Section 6138(a)(2.1) and determine whether to grant Parolee credit for the time he spent at liberty on parole. The Board chose not to do so in this case and explained its reasons for denying Parolee credit for his street time by noting on the revocation hearing report that it was denying Parolee credit because of his poor supervision history and his new conviction (PWID) is the same or similar to his original offense (PWID). C.R. at 77. In his petition for review, Parolee challenges only the latter reason. However, we have previously held that "same or similar to the original offense" is a sufficient reason for denying credit under *Pittman*. *See Barnes v. Pennsylvania Board of Probation & Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019).

We also note that the Board's stated reasons are amply supported by the record in this matter, which reflects that Parolee's parole stemmed from his 2008 convictions on drug charges, at least one of which was PWID, and that his subsequent conviction for PWID was obviously similar to his original convictions because all of the convictions involved drugs. The record also reflects Parolee's lengthy, and generally poor, supervision history, as outlined above.

To the extent that Parolee claims that the Board failed to consider his mitigation evidence, we note that the revocation hearing report clearly acknowledges his mitigation evidence admitted into evidence at the hearing, stating that Parolee has taken responsibility for his actions, held multiple jobs, and "offered a letter of support from his employer." C.R. at 77. It is well settled, however, that the Board has been given broad discretion in parole matters and is not required to accept

13

justifying or mitigating evidence to excuse the commission of parole violations and, therefore, does not abuse its discretion when it determines that mitigating evidence presented by a parolee does not excuse the commission of parole violations. *Pitch v. Pennsylvania Board of Probation & Parole*, 514 A.2d 638, 641 (Pa. Cmwlth. 1986). We therefore reject Parolee's claim that the Board erred or abused its discretion in denying him credit for the time that he spent at liberty on parole.

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Martinez,              :
                               :
              Petitioner   :
                               :
         v.               : No. 607 C.D. 2020
                               :
Pennsylvania Parole Board,   :
                               :
             Respondent :

**O R D E R**

AND NOW, this 22nd day of June, 2022, the May 19, 2020 order of the Pennsylvania Parole Board is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge