# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamal Felder,                                    :
                          Petitioner              :
                                                 :
             v.                                  :    No. 1857 C.D. 2014
                                                 :    Submitted: August 14, 2015
Pennsylvania Board of Probation                  :
and Parole,                                       :
                          Respondent              :

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: October 6, 2015**

Jamal Felder (Felder) petitions for review of an order of the
Pennsylvania Board of Probation and Parole (Board) that recommitted him to serve
24 months backtime as a convicted parole violator and denied him credit on his
original sentence for time incarcerated on both a Board detainer and new criminal
charges.  Also before us is a petition to withdraw filed by Felder's court-appointed
attorney, Daniel C. Bell, Esquire (Attorney Bell), on the ground that Felder's
appeal is without merit.  For the reasons that follow, we grant Attorney Bell's
petition to withdraw his appearance as counsel, and we affirm the Board's order.

## I. Background

In 2005, Felder pled guilty to criminal conspiracy and robbery, and he
was sentenced to a term of four to eight years in prison.  Certified Record (C.R.)

at 1. Felder's original minimum sentence date was January 8, 2011, and his maximum sentence date was January 8, 2015. Id.

In June 2011, the Board released Felder on parole. Id. at 6-8. On January 18, 2012, the Board issued a warrant to commit and detain him for technical parole violations. Id. at 12. Shortly thereafter, the Board recommitted Felder as a technical parole violator to serve six months backtime for violating a condition of his parole. Id. at 13.

While detained by the Board on the technical parole violation, on April 30, 2012, authorities also detained Felder for new criminal charges filed in the Court of Common Pleas of Centre County (sentencing court). Id. at 37-45, 53-61, 86-94. In September 2013, Felder pled guilty to three counts of manufacture, delivery or possession with intent to manufacture or deliver (PWID) (heroin), which is a felony offense. Id. at 39, 55, 88. On October 29, 2013, the sentencing court sentenced Felder to serve three to ten years for each offense, to run concurrently. Id. at 39, 55, 56, 88.

Based on his new convictions, the Board recommitted Felder to serve 24 months as a convicted parole violator. Id. at 94. The Board calculated Felder's new maximum sentence date as January 27, 2017. Id. at 1112.

Felder, representing himself, filed a request for administrative relief asserting the Board erred or abused its discretion by: (1) imposing 24 months backtime without considering mitigating factors; and, (2) not giving him full credit

2

for time incarcerated under the Board detainer from January 18, 2012, through October 29, 2013.  Id. at 114.  The Board denied Felder's request for administrative relief.  Id. at 127-128.

From this decision, Felder filed a petition for review with this Court, asserting the same grounds for relief.  Attorney Bell filed a petition to withdraw as counsel along with a "no-merit" letter based on his belief that Felder's appeal is without merit.  This case is now before us for disposition.

## II. Petition to Withdraw

Counsel seeking to withdraw must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[1]  Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988);

---

[1] In Hughes v. Pennsylvania Board of Probation and Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc), we held, where there is a constitutional right to counsel, counsel seeking to withdraw from representation of a parolee in an appeal of a Board determination should file a brief in accordance with Anders v. California, 386 U.S. 738 (1967), rather than a no-merit letter. Relying on Gagnon v. Scarpelli, 411 U.S. 778 (1973), we held a constitutional right to counsel arises where a parolee raises a "colorable claim":

> (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

Hughes, 977 A.2d at 24 (quoting Gagnon, 411 U.S. at 790).  We further stated such claims would only arise in appeals from determinations revoking parole.  Id.  Thus, we held "[i]n an appeal from a revocation decision, this Court will apply the test from Gagnon, quoted above, **(Footnote continued on next page…)**

3

Hughes v. Pa. Bd. of Prob. & Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc); Zerby v. Shanon, 964 A.2d 956 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" Zerby, 964 A.2d at 962 (quoting Jefferson v. Pa. Bd. of Prob. & Parole, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, counsel must send the petitioner: (1) a copy of the no-merit letter; (2) a copy of the petition for leave to withdraw; and, (3) a statement that advises the petitioner of the right to retain substitute counsel or proceed *pro se* by representing himself. Turner; Hughes. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of

---

**(continued…)**

and, unless that test is met, we will only *require* a no-merit letter." Id. at 26 (emphasis in original, footnote omitted). We also noted:

> As in the past, we will not deny an application to withdraw simply because an attorney has filed an Anders brief where a no-merit letter would suffice. In cases where there is no constitutional right to counsel, however, we shall still apply the standard of whether the [parolee's] claims are without merit, rather than whether they are frivolous.

Id. at 26 n.4.

The record here contains no suggestion by Felder that he did not commit the alleged violations or that substantial reasons justified or mitigated the violations and make revocation inappropriate. Indeed, Felder "knowingly, intelligently, and voluntarily" admitted he violated a parole condition and was convicted of three counts of PWID. C.R. at 102. Further, the issues Felder raised in this appeal are neither complex nor difficult to develop. Thus, Felder does not have a constitutional right to counsel under the Gagnon test; rather, he has a statutory right to counsel under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, as amended, 16 P.S. §9960.6(a)(10). Attorney Bell, therefore, properly filed a no-merit letter in seeking to withdraw his representation of Felder.

4

the case.  Turner; Hughes.  If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief.  Turner; Hughes.

Here, Attorney Bell's no-merit letter satisfies the technical requirements of Turner.  The letter sets forth the procedural history of the case, reflecting his review of the record.  Attorney Bell states he conducted a careful and thorough review of the record and relevant statutory and case law.  He lists each of the issues Felder raised in the petition for review.  Attorney Bell provides a thorough analysis as to why the issues lack merit, and he cites applicable statutes, regulations and case law in support.

Attorney Bell explains Felder's issues lack merit.  First, the imposition of 24 months backtime is within the presumptive range recommitment range for PWID.  As long as the recommitment period falls within the presumptive range, the Board's judgment is not subject to review by the Commonwealth Court. Second, the Board properly credited Felder with time spent in custody solely on the Board's detainer from January 18, 2012, through April 30, 2012, when new criminal charges were lodged against Felder.  As Felder did not post bail on the new criminal charges, time after April 30, 2012, is properly applied to his new criminal sentence.

Based on his review, Attorney Bell concludes Felder's appeal is without merit, and he requests permission to withdraw.  Attorney Bell provided Felder with a copy of the no merit letter and his request to withdraw.  He advised

Felder of his right to retain new counsel or proceed by representing himself.[2]  As we are satisfied that counsel discharged his responsibility in complying with the technical requirements of a no-merit letter, we conduct an independent review to determine whether the issues Felder raised in his petition for review lack merit.[3]

### III. Independent Review
### A. Presumptive Range

First, Felder contends the Board's imposition of 24 months backtime was excessive and did not take into account his mitigating circumstances. Specifically, Felder claims the untimely death of his mother and his otherwise good behavior while on parole constitute mitigating circumstances warranting a reduced recommitment period.

"This [C]ourt will not interfere with the Board's discretion where the parole violations are supported by substantial evidence and the amount of backtime imposed … is within the applicable presumptive range." Davis v. Pa. Bd. of Prob. & Parole, 841 A.2d 148, 151-52 (Pa. Cmwlth. 2004) (footnote omitted).  Indeed, "[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." Smith v. Pa. Bd. of Prob. & Parole, 574 A.2d 558,

---

[2] Felder chose to represent himself, and he filed a brief in support of his petition for review.

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013), appeal denied, 87 A.3d 322 (Pa. 2014).

6

560 (Pa. 1990). Any challenge to the length of a recommitment period falling within the presumptive range is not a valid basis for appeal. Id.

The presumptive recommitment ranges for convicted parole violators under the Board's supervision are governed by the Board's regulations, 37 Pa. Code §§75.1-75.2. They "are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision." 37 Pa. Code §75.1(b). The presumptive range for a felony drug law violation with a statutory maximum of 10 years is 18 months to 24 months. 37 Pa. Code §75.2.

Each one of a parolee's convictions may be considered as a separate parole violation by the Board, and the presumptive ranges for each may be aggregated. Massey v. Pa. Bd. of Prob. & Parole, 501 A.2d 1114 (Pa. 1985). This is true even where the convictions arise out of the same criminal episode. Davidson v. Pa. Bd. of Prob. & Parole, 33 A.3d 682 (Pa. Cmwlth. 2012). Additionally, the Board has broad discretion in parole matters and is not required to accept justifying or mitigating evidence to excuse the commission of parole violations. Pitch v. Pa. Bd. of Prob. & Parole, 514 A.2d 638 (Pa. Cmwlth. 1986).

Here, Felder pled guilty to three counts of PWID (heroin), which is classified as a felony offense carrying a maximum statutory sentence of 10 years for each offense. C.R. at 39, 55, 88. Felder admitted he violated his parole by committing these offenses. Id. at 102. Based on Felder's new criminal convictions, the Board had discretion to impose a maximum aggregate backtime

sentence of 72 months (3 x 24). 37 Pa. Code §75.2; <u>Massey</u>; <u>Davidson</u>. The Board imposed backtime of 24 months. C.R. at 94. Because 24 months backtime is well within the presumptive range for the admitted parole violations, Felder's appeal is without merit. <u>Smith</u>; <u>Davis</u>.

### B. Backtime Credit

Next, Felder asserts the Board improperly refused to give him full credit for time incarcerated under the Board's detainer from January 18, 2012, through October 29, 2013, a total of 649 days. The Board only credited his original sentence with the period from January 18, 2012, to April 30, 2012, a total of 103 days. Therefore, Felder claims he is owed an additional credit towards his original sentence.

"[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." <u>Martin v. Pa. Bd. of Prob. & Parole</u>, 840 A.2d 299, 309 (Pa. 2003). It is well-settled that time incarcerated shall be credited to a convicted parole violator's original term only when he has satisfied bail requirements for the new offense and, thus, remains incarcerated solely by reason of the Board's detainer. <u>Gaito v. Pa. Bd. of Prob. & Parole</u>, 412 A.2d 568 (Pa. 1980). When bail is not posted, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence. <u>Id.</u>

Where it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the

new sentence, the credit must be applied to the offender's original sentence. Melhorn v. Pa. Bd. of Prob. & Parole, 908 A.2d 266 (Pa. 2006); Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348 (Pa. Cmwlth. 2007). However, parolees cannot seek credit from the Board to correct an error in the sentencing court. Melhorn; Armbruster.

Here, Felder was originally sentenced to four to eight years. C.R. at 1. At the time of his parole, 1289 days remained on his original sentence. Id. at 110. The Board lodged a detainer for technical parole violations on January 18, 2012. While detained by the Board, Felder was also detained on new criminal charges on April 30, 2012. Id. at 37-45, 53-61, 86-94. However, he did not post bail on his new criminal charges. Id. at 38, 54, 87. From May 1, 2012 to October 29, 2013, Felder was detained under the Board's warrant and the new criminal charges.

Felder remained in custody solely on the Board's detainer from January 18, 2012, through April 30, 2012, which amounted to 103 days. The Board credited 103 days to his unexpired term of 1289 days, which left him with 1186 days remaining on his original sentence. Felder became available to the Board to commence service of his original sentence on October 29, 2013. By adding 1186 days to October 29, 2013, the Board properly recomputed his new maximum date of January 27, 2017.

Although Felder claims he did not receive credit towards his new sentence, the record does not support this contention. According to the criminal

dockets, the sentencing court credited Felder with 548 days[4] towards his new sentence. C.R. at 39-40, 55, 88. Specifically, "Credit [was] given for Five Hundred Forty-Eight (548) previously served in Centre County Prison on this charge." Id. As Felder's new sentence of three to ten years did not exceed his pre-sentence incarceration period, it was possible for the sentencing court to credit time served on the new sentence. See Melhorn.

For these reasons, we conclude the Board properly credited Felder's original sentence with 103 days. Felder's assertions of error lack merit.

## IV. Conclusion

Upon review, we agree with Attorney Bell that Felder's claims regarding the denial of his request for administrative relief are without merit. Accordingly, we grant Attorney Bell's petition for leave to withdraw as counsel, and we affirm the order of the Board denying Felder's request for administrative relief.

ROBERT SIMPSON, Judge

---

[4] According to our calculation, this time period amounts to 546 days. As the Board properly credited Felder with 103 days (January 18, 2012, through April 30, 2012) of the 649 days incarcerated (January 18, 2012, through October 29, 2012), it appears the sentencing court credited Felder with two extra days.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamal Felder,               :
             Petitioner    :
              :
         v.           :    No. 1857 C.D. 2014
              :
Pennsylvania Board of Probation   :
and Parole,            :
            Respondent   :

# O R D E R

**AND NOW**, this 6th day of October, 2015, we **GRANT** Daniel C. Bell's petition to withdraw as counsel, and we **AFFIRM** the order of the Pennsylvania Board of Probation and Parole.

 

 

_____
ROBERT SIMPSON, Judge