571 A.2d 3

**Bruce CADOGAN, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 1, 1989.

Decided Feb. 26, 1990.

David Crowley, Chief Public Defender, for petitioner. No appearance for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

COLINS, Judge.

In this parole revocation appeal, we must determine whether the appeal of Bruce Cadogan (petitioner) is so wholly frivolous so that we may grant his appointed counsel leave to withdraw.

Petitioner appealed an order of the Pennsylvania Board of Probation and Parole (Board) which recommitted him as a technical parole violator to serve 6 months for violation of Condition 3A [1] and 12 months for violation of Special Condi-

---

**1.** 37 Pa.Code § 63.4(3)(i), failure to maintain regular contact with the parole supervision staff.

tion 6.[2] The Public Defender of Centre County's (counsel) petition for leave to withdraw is before the Court.

■ We note that counsel has served petitioner with a copy of the petition to withdraw, a brief in support of the petition, and a "no merit letter"[3] all of which have been filed with the Court. Counsel has also advised petitioner of his right to raise to this Court any points which he may deem worthy of merit and of his right to obtain substitute counsel or proceed *pro se*. Thus, counsel has satisfied the requirements of *Craig v. Pennsylvania Board of Probation and Parole*, 93 Pa.Commonwealth Ct. 586, 502 A.2d 758 (1985). Since the petitioner has not secured substitute counsel nor provided the Court with a *pro se* brief, this Court will make an independent evaluation of the proceedings before the Board to determine whether petitioner's appeal is wholly frivolous. *Strothers v. Pennsylvania Board of Probation and Parole*, 124 Pa.Commonwealth Ct. 1, 554 A.2d 1017 (1989).

Petitioner was originally sentenced in January, 1980, to a period of 5 to 10 years for aggravated assault. In May of 1985, petitioner was sentenced to a 9–month to 2–year sentence for escape. The petitioner, while on parole, was arrested on September 24, 1988, and charged with robbery, burglary, theft by unlawful taking, and simple assault. At this time, petitioner was detained and charged with the previously-mentioned technical violations.

■ Petitioner claims that the Board failed to hold his violation hearing within 120 days of his preliminary hearing as required by 37 Pa.Code § 71.2(10). A preliminary hearing was held on October 4, 1988, at the State Correctional

2. 37 Pa.Code § 63.5(a) allows the Board to impose special conditions on a parolee, one of which is to complete outpatient drug therapy.

3. In *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), our Supreme Court approved the use of a "no merit letter" to allow appointed counsel to withdraw in a proceeding involving a collateral attack of a criminal conviction. Furthermore, in *Epps v. Pennsylvania Board of Probation and Parole*, 129 Pa.Commonwealth Ct. 240, 565 A.2d 214 (1989), we held that as an alternative to filing a brief in support of a petition to withdraw, counsel may file a "no merit letter."

Institution at Graterford (SCIG). The record reflects that on two occasions, November 18, 1988, and January 4, 1989, the petitioner's violation hearing had to be continued due to prisoner uprisings at SCIG. Petitioner's violation hearing was eventually conducted on February 16, 1989. The Board, by an order dated April 17, 1989, recommitted petitioner to serve 18 months backtime for his multiple technical violations. The petitioner's request for administrative relief was denied by the Board on March 11, 1989, and on July 24, 1989, this Court ordered counsel to enter his appearance on petitioner's behalf.

While petitioner's February 16, 1989, violation hearing was not held within 120 days of his October 4, 1989, preliminary hearing as required by 37 Pa.Code § 71.2(10), the Board was justified in its actions. On the dates scheduled for petitioner's violation hearing, the SCIG was in a state of lock down as a result of prisoner unrest.

37 Pa.Code § 71.5(c)(5) states:

(c) In determining the period for conducting hearings under this chapter, there shall be excluded from this period, a delay in any stage of the proceedings which is directly or indirectly attributable to one of the following:

. . . .

(5) An event which could not be reasonably anticipated or controlled by the Board, including, but not limited to, illness, injury, acts of nature and prison or civil disorder.

The prison being in a state of lock down is a situation that could not have been reasonably anticipated, nor controlled by the Board and was properly excluded from the 120–day period.

██ Petitioner's second argument is that the record does not contain substantial evidence to support the recommitment order. The record reflects that the petitioner admitted to his parole supervisor that he violated the conditions of his parole by failing to report to parole staff regularly as instructed, as well as failing to complete his outpatient drug therapy. In *Falasco v. Pennsylvania Board of Probation*

*and Parole,* 104 Pa.Commonwealth Ct. 321, 521 A.2d 991 (1987), we held that a parole supervisor's testimony as to the petitioner's admission is admissible in parole violation proceedings under the exception to the hearsay rule relating to admissions against interest by a party. Additionally, an admission constitutes substantial evidence to support a recommitment order. *Pitch v. Pennsylvania Board of Probation and Parole,* 100 Pa.Commonwealth Ct. 114, 514 A.2d 638 (1986).

 We conclude that petitioner's appeal lacks any point that might arguably support an appeal and is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm the Board's decision.

## ORDER

AND NOW, this 26th day of February, 1990, the prayer of the counsel's Petition for Leave to Withdraw is granted and the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.