579 A.2d 1021

**Fred GIBBS, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted July 27, 1990.

Decided Sept. 10, 1990.

---

John C. Armstrong, Asst. Public Defender, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

CRAIG, President Judge.

Fred Gibbs appeals a decision of the Pennsylvania Board of Probation and Parole that denied his request for administrative relief.

On December 30, 1988, the board granted Gibbs parole from two concurrent sentences of six-to-twenty years. Board agents arrested Gibbs on July 20, 1989 and detained him for alleged technical parole violations. The board charged him with violating conditions 2 (moving without permission), 3a (not reporting as instructed) and two special parole conditions (completion of an in-patient drug program and completion of an out-patient drug evaluation).

On July 31, 1989, the board held a preliminary hearing on the charges. Gibbs requested that a panel of the board conduct his final violation hearing. The final violation hearing was held on October 3, 1989 before two board members. The board issued a decision the same day, recommitting Gibbs for eighteen months as a technical parole violator.

Gibbs petitioned for administrative relief from that decision. The board denied that request. Gibbs appeals from that denial.

The sole question Gibbs raises on appeal is whether the board proved he violated the conditions of his parole by a preponderance of the evidence.

██ Although the board does have the burden to prove by a preponderance of the evidence that the parolee violated the conditions of his parole, *Sigafoos v. Pennsylvania Board of Probation and Parole*, 94 Pa.Commonwealth Ct. 454, 503 A.2d 1076 (1986), nevertheless, our scope of review of parole revocation proceedings is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law has been committed, or whether any constitutional rights of the parolee have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Maxfield v. Pennsylvania Board of Probation and Parole*, 114 Pa.Commonwealth Ct. 162, 538 A.2d 628 (1988).

██ Hence, the board argues that Gibbs waived the issue with respect to all but one of the violations because, in his administrative appeal, Gibbs did not contend that any of the board's findings were not supported by substantial evidence. Furthermore, the board argues that all of the board's determinations are supported by substantial evidence.

Although Gibbs did not raise the evidentiary issue specifically in his petition for administrative relief, he did include the challenge that "[o]n the date of 10/3/89 applicant had a full board hearing, and it was determined that he was guilty

of the charges against Him solely because of the Parole Agents Testimony, and that no one was there from Eagleville or the Eagleville Parole Agent Mr. Christian." Therefore, this court will review the findings.

As the board points out, 37 Pa.Code § 63.4(2) provides that a parolee must "[l]ive at the residence approved by the Board." Board agent Hines testified that on three separate occasions, at various times of the day (including one visit at 5:00 a.m.), he visited Gibbs' approved residence, but that Gibbs was never present. Hines also testified that he found Gibbs at another location on one occasion. Although Gibbs testified that he did reside at the approved residence, the board, as fact finder could conclude that his testimony was not credible. Hines' testimony is sufficient to support the board's finding that Gibbs violated this condition of his parole.

With regard to Gibbs' alleged violation of condition 3A, failure to maintain regular contact with a parole officer as instructed, agents Hines' and DiBernardo's testimony that Gibbs admitted to them that he knew he was in violation of his parole by not reporting to his parole officer constitutes substantial evidence to support the board's finding that Gibbs violated that condition. *Cadogan v. Pennsylvania Board of Probation and Parole*, 131 Pa.Commonwealth Ct. 556, 571 A.2d 3 (1990). (Admission against interest is admissible hearsay evidence.) Hence, although Gibbs correctly states that there is no evidence in the record which suggests that Gibbs' parole officer gave him instructions as to when Gibbs should report, his admission substantially supports the finding that he violated the condition.

Gibbs' admissions to Parole Supervisor DiBernardo and Agent Hines also support the board's findings with respect to Gibbs' violation of the special conditions of his parole.

The first condition required Gibbs to complete an in-patient drug program at Eagleville Hospital. Specifically, the condition states that "[r]emoval or termination for any

reason other than successful completion of in-patient program is a violation." Gibbs testified that the Hospital would not admit him. Gibbs argues that the hospital's alleged refusal to admit him precluded him from completing a program and thus satisfying the special condition. However, the condition required Gibbs to *remain* at Eagleville until he completed a program. Implicit in that condition is that Gibbs remain at the hospital until he was admitted. Hines testified that Gibbs stated that he left the hospital because "They weren't going to keep me anyway."

As mentioned above, the board determines the credibility of witnesses. In this case, the board did not find Gibbs' testimony credible, and relied upon the testimony of the parole agent concerning Gibbs' admission. Under these circumstances, assuming the veracity of Gibbs' statements concerning the hospital's refusal to admit him, his proper recourse when the hospital did not admit him was to remain at the hospital and contact his parole officer regarding the hospital's action.

■ Finally, Gibbs argues that the board did not prove that he violated the special condition of parole requiring him to obtain an evaluation of his need for drug treatment. Agent Hines testified that Gibbs admitted to him that he had not obtained an evaluation. That admission supports the board's finding. *Cadogan.*

The board's denial of administrative relief is affirmed.

### ORDER

Now, September 10, 1990, the order of the Pennsylvania Board of Probation and Parole in No. 2002J, dated December 20, 1989, is affirmed.