# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Rivera,                                    :
        Petitioner                       :
                                         :
        v.                               : No. 1248 C.D. 2015
                                         : Submitted: January 8, 2016
Pennsylvania Board of Probation                  :
and Parole,                                      :
        Respondent                       :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY SENIOR JUDGE COLINS**             **FILED:  March 10, 2016**


Before this Court are the petition of David Rivera for review of the June 29, 2015 determination of the Pennsylvania Board of Probation and Parole (Board), which denied his administrative appeal of a Board order recommitting Mr. Rivera both as a technical and a convicted parole violator to serve his unexpired term and 6 months of backtime and recalculating his maximum sentence date, and the application of Tina M. Fryling, Esq., Assistant Public Defender of Erie County (Counsel), for leave to withdraw as the appointed attorney for Mr. Rivera on the ground that the petition for review is without merit. Because we conclude that the issue raised in Mr. Rivera's appeal is meritless, we grant Counsel's application for leave to withdraw and we affirm the Board's determination.

On March 8, 2012, the Board granted Mr. Rivera parole with conditions. (Record Item (R. Item) 2, 03/08/12 Notice of Board Decision.) On September 30, 2013, the Board issued a decision recommitting Mr. Rivera as a

technical parole violator to serve 6 months of backtime for multiple technical violations of his parole. (R. Item 2, 09/30/13 Notice of Board Decision.) On March 25, 2014, the Board modified its September 30, 2013 decision, notifying Mr. Rivera that he would be detained pending resolution of the outstanding criminal charges against him and that his parole maximum date of September 13, 2022 was subject to change if his outstanding criminal charges resulted in a conviction. (R. Item 5, 03/25/14 Notice of Board Decision.)

Mr. Rivera pled guilty to murder of the third degree and other related charges and was sentenced on December 31, 2014, to 20 to 50 years of incarceration. (R. Item 6, 01/14/15 Criminal Arrest & Disposition Report.) Following his conviction, the Board issued a February 17, 2015 decision that recommitted Mr. Rivera as a technical and convicted parole violator to serve his unexpired term of 9 years, 1 month, and 29 days and 6 months of backtime. (R. Item 9, 02/17/15 Notice of Board Decision.) Following a request for reconsideration by Mr. Rivera, the Board affirmed the February 17, 2015 decision on June 29, 2015. (R. Item 10, 06/29/15 Board Final Action.) Mr. Rivera filed a timely petition for review of the Board's decision with this Court.[1]

On October 15, 2015, Mr. Rivera's Counsel submitted a letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), requesting leave to withdraw as Mr. Rivera's appointed counsel because Mr. Rivera's argument in favor of relief is without merit. Where appointed counsel seeks to withdraw from representing a petitioner who has a statutory right to counsel, our Supreme Court's

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa.C.S. § 704; *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691, 695 n. 3 (Pa.Cmwlth.2009).

2

decision in *Turner* requires that the appointed counsel must submit a no-merit letter setting forth: (i) the nature and extent of the appointed counsel's review of the case; (ii) each issue that the petitioner wishes to raise on appeal; and (iii) the appointed counsel's explanation of why each of those issues is meritless.[2] *Id.* at 928.

Counsel's no-merit letter sets forth her review of the record, filings and applicable law in this matter. (*Turner* letter at 1.) The no-merit letter reviews the factual and procedural background of Mr. Rivera's request for relief. (*Id.* at 2.) Finally, the letter addresses Mr. Rivera's contention that his sentence was "well beyond excessive" (*see* R. Item 10, Administrative Remedies Form), reviewing the law regarding the Board's discretion to award backtime, the presumptive ranges for convicted parole violators, and the recalculation of an inmate's maximum release date and explaining why this examination of the applicable law has led Counsel to conclude that Mr. Rivera's argument for relief is without merit. (*Id.* at 2-4.) We, therefore, conclude that Counsel has satisfied the requirements of *Turner*. Mr. Rivera has not retained substitute counsel or filed a *pro se* brief with this Court. Accordingly, this Court will make an independent evaluation of the proceedings before the Board to determine whether Mr. Rivera's petition is without merit. *Cadogan v. Pennsylvania Board of Probation and Parole*, 571 A.2d 3, 4 (Pa. Cmwlth. 1990).

---

[2] In addition to the no-merit letter submitted to the court, appointed counsel is also required to: (i) notify her client of her application to withdraw as appointed counsel; (ii) provide her client with a copy of the no-merit letter submitted to the court; and (iii) advise her client of the right to retain new counsel or to proceed *pro se*. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). Counsel submitted an application to withdraw with this Court on October 15, 2015 detailing her compliance with each of these notification requirements.

Mr. Rivera's sole argument is that the Board should not have recommitted him to serve his unexpired term of 9 years, 1 month, and 29 days because his new charges already required him to serve 20 to 50 years of incarceration and should have instead imposed the minimum of his unexpired time.

Section 6138(a) of the Prisons and Parole Code (Code), 61 Pa. C.S. §§ 101-6309, provides that if a parolee is recommitted as a convicted parole violator then the parolee shall serve the remainder of the term which the parolee would have been compelled to serve had parole not been granted and, where the parolee has committed a crime of violence while on parole, the parolee shall not be given credit for time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(1)-(2.1); *see also* 37 Pa. Code § 75.2 ("If the Board orders the recommitment of a parolee as a convicted parole violator, the parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled.").[3]

For each possible offense the parolee may have committed while on parole, the Board's regulation provides presumptive ranges for recommitment. 37 Pa. Code § 75.2. For example, for the offense category of "murder" the Board's regulation provides a presumptive range of recommitment of "36 months to expiration of maximum sentence." *Id*. Where the fact of the new conviction is not challenged and the backtime imposed, including the full unexpired term, is within the presumptive range for the category of offense listed in the Board's regulations, the Board has complete discretion in the amount of backtime it imposes and the Board's decision is not subject to this Court's review. *Smith v. Pennsylvania*

_____

[3] In addition to the provisions for convicted parole violators, Section 6138(c) provides that if a parolee is recommitted for a technical violation of parole, the parolee "may be reentered to serve the remainder of the original sentence or sentences." 61 Pa. C.S. § 6138(c)(2).

*Board of Probation and Parole*, 574 A.2d 558, 561 (Pa. 1990); *Harper v. Pennsylvania Board of Probation and Parole*, 520 A.2d 518, 523 (Pa. Cmwlth. 1987); *LaCourt v. Pennsylvania Board of Probation and Parole*, 488 A.2d 70, 76 (Pa. Cmwlth. 1985).

Mr. Rivera was recommitted as a technical and a convicted parole violator who committed, among other crimes, a homicide while on parole. Mr. Rivera does not challenge the fact of his convictions. The Board recommitted Mr. Rivera for the remainder of his unexpired term, which was within the presumptive range for the crimes he was convicted of while on parole.[4] The Board had clear authority to recommit Mr. Rivera for his full unexpired term. The General Assembly has provided the Board discretion to determine when it is suitable to impose the full unexpired term as a result of crimes committed while on parole. This Court does not have authority to grant relief on the grounds that the Board's exercise of its discretion to impose Mr. Rivera's full unexpired term was excessive. *See, e.g. Congo v. Pennsylvania Board of Probation and Parole*, 522 A.2d 676, 679 (Pa. Cmwlth. 1987) ("Since the backtime imposed for the murder conviction, unexpired term, is within the presumptive range for that offense and the fact of the new conviction is not challenged, the Board's discretion in imposing that amount of backtime will not be reviewed.").

---

[4] Mr. Rivera was convicted of: (1) murder of the 3rd degree, which has a presumption range of 36 months to expiration of maximum sentence; (2) conspiracy to criminal homicide, which has a presumptive range of 24 to 48 months; (3) possession of a prohibited firearm, which has a presumptive range of 18 to 24 months; (4) perjury, which has a presumptive range of 6 to 12 months; (5) hindering apprehension (2 counts), which has a presumptive range of 6 to 12 months; (6) fabricating physical evidence, which has a presumptive range of 6 to 12 months; and (7) obstructing administration of law or other government, which has a presumptive range of 6-12 months. 37 Pa. Code § 75.2; (R. Item 6, Lebanon County Court of Common Pleas Docket Sheet.)

Accordingly, Counsel is granted leave to withdraw, Mr. Rivera's petition is without merit, and the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Rivera,                                    :
                    Petitioner                   :
                                                 :
            v.                                   : No. 1248 C.D. 2015
                                                 :
Pennsylvania Board of Probation                  :
and Parole,                                      :
                    Respondent                   :


## ORDER


AND NOW, this 10th day of March, 2016, the application of Tina M. Fryling, Esq., Assistant Public Defender of Erie County, for leave to withdraw as attorney for David Rivera is GRANTED and the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.


_____
**JAMES GARDNER COLINS, Senior Judge**