IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Douglas,                          :
                      Petitioner          :
                                          :
           v.                             :
                                          :
Pennsylvania Parole Board,                :     No. 1107 C.D. 2022
                      Respondent          :     Submitted: March 8, 2024


BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                              FILED: April 29, 2024


           Derrick Douglas (Douglas) petitions for review of a decision of the
Pennsylvania Parole Board (Board) mailed September 23, 2022, affirming the
rescission of a grant of automatic reparole. Also before us is the Application for
Withdrawal of Appearance (Application to Withdraw) filed by David Crowley,
Esquire (Counsel). For the reasons that follow, we grant Counsel's Application to
Withdraw, and we dismiss Douglas's petition for review (Petition) as moot.


                              **I. Background**

           In 2018, Douglas pleaded guilty to numerous offenses, including
robbery and terroristic threats, and was sentenced to three to six years' incarceration.
Certified Record (C.R.) at 1 & 3. Douglas's maximum sentence date was March 9,
2024. *Id.* at 3. In March 2021, the Board paroled Douglas from the State

Correctional Institution (SCI) at Greene to Keystone Correctional Services, Inc. (Keystone). *Id.* at 5-6 and 9. In August 2021, the Board detained Douglas following an incident at Keystone, for which he was charged with a technical parole violation in the form of "unsuccessful discharge from Keystone" and the summary offense of "Harassment/Acts to Annoy." *Id.* at 13-15 & 20. Douglas was arrested and transported to SCI Smithfield. *Id.* at 14-16. Douglas waived his right to a panel hearing, opting instead for a hearing before an examiner. C.R. at 27. Douglas also waived his right to preliminary, violation, and detention hearings and his right to assistance of counsel at those hearings. *Id.* at 28. Further, Douglas admitted that he violated the terms of his parole through his unsuccessful discharge from Keystone. *Id.* at 29. The waiver forms stated that Douglas waived his rights of his own free will and without promise, threat, or coercion. *See id.* at 27-28.

The Board recommitted Douglas as a technical parole violator to serve six months' "backtime."[1] C.R. at 34, 41 & 44. By decision recorded August 30, 2021 and mailed September 1, 2021, the Board explained that Douglas would be automatically reparoled without further action of the Board on February 16, 2022, pending resolution of any outstanding criminal charges and provided Douglas did not commit a disciplinary infraction involving assaultive behavior. *Id.* at 45. The Board informed Douglas that he "remain[ed] under the jurisdiction and control of the Department of Corrections [(DOC)]" and that the Board's decision "[would] not take effect until [he had] signed the conditions (PBPP-11), and the release orders (PBPP-10) [had] been issued." *Id.* Douglas filed an administrative remedies form

---

[1] "[B]acktime is that part of an existing judicially[]imposed sentence which the Board directs a parolee to complete following a finding, after a civil administrative hearing, that the parolee violated the terms and conditions of parole . . . ." *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 303 (Pa. 2003) (citation, quotation marks and brackets omitted).

challenging the Board's decision, asserting that the Keystone staff "violated [his] First Amendment rights to freely express [him]self" and "wrongfully discharged [him] and, further, that the decision to recommit him lacked substantial evidentiary support. *Id.* at 61 (citing U.S. Const. amend. I).

In October 2021, Douglas was charged with three misconducts at SCI Rockview. C.R. at 47. Douglas pleaded guilty to the misconduct charge of being present in an unauthorized area, but he denied the misconduct charges of threatening an employee or an employee's family with bodily harm and refusing to obey an order. *Id.* at 47-48. The DOC held a misconduct hearing on October 6, 2021, after which the hearing examiner accepted Douglas's guilty plea regarding the first misconduct charge and concluded that "[a] preponderance of evidence" supported the two remaining misconduct charges. *Id.* at 48. Douglas appealed to the Program Review Committee, which sustained the hearing examiner's decision, concluding that "there was sufficient evidence to support the decision" and deeming "the written report . . . more credible than [] Douglas'[s] version of events." *Id.* at 49.

On November 4, 2021, Counsel represented Douglas at a panel revocation hearing.[2] C.R. at 65. On November 22, 2021, the Board issued an Automatic Reparole Rescission Report rescinding Douglas's February 16, 2022 automatic reparole date and establishing Douglas's eligibility for reparole on or after October 3, 2022, subject to his pending recommitment as a convicted parole violator. *Id.* at 51-55. By decision recorded November 22, 2021 and mailed December 2, 2021, the Board rescinded the reparole portion of the August 30, 2021 Board action. *Id.* at 56; *see also id.* at 57-58 (Order to Recommit). Douglas's March 9, 2024

---

[2] Counsel stated in the "no-merit" letter filed in conjunction with his Application to Withdraw that the November 4, 2021 panel revocation hearing was related to Douglas's conviction for summary harassment. "No-Merit" Letter at 3.

3

maximum date remained unchanged. *Id.* at 56-57. The Board instructed Douglas regarding his ability to appeal within 30 days of the mailing of the decision pursuant to the Board's administrative remedies process. *Id.* By decision recorded November 23, 2021 and mailed December 2, 2021, the Board recommitted Douglas as a technical and convicted parole violator to serve a total of six months' backtime. *Id.* at 59. The Board stated that it relied on evidence in the form of a certified copy of the court record proving Douglas's conviction for the offense of harassment and Douglas's acknowledgment of his conviction. *Id.* at 59. The Board awarded Douglas credit for time spent at liberty on parole and once again informed him of his right to appeal the Board's decision. *Id.* at 59-60.

In December 2021, Counsel filed an administrative remedies form on behalf of Douglas. C.R. at 64. Counsel explained that he

> represented [] Douglas at a panel revocation hearing on November 4, 2021 and entered his written appearance. On December 20, 2021 he received [a] . . . 2 page *pro se* administrative appeal from his client. Due to DOC restrictions on visitation[,] counsel [was] unable to timely meet with his client to discuss the document he [had] received. It appears that [] Douglas is not complaining about the November 23, 2021 recommitment decision from the panel revocation but is aggrieved by the November 22, 2021 decision . . . which rescinded his ACT 122[3] release date from an earlier recommitment as a

---

[3] Counsel presumably references the Act of July 5, 2012, P.L. 1050, No. 122 (Act 122), which provided for various amendments to the Prisons and Parole Code (Parole Code), including the following addition:

> A technical violator recommitted to a [s]tate correctional institution . . . shall be recommitted for one of the following periods, at which time the parolee shall automatically be reparoled without further action by the [B]oard:

technical parole violator due to an intervening prison misconduct.[4] He apparently wanted to challenge the forfeiture of his statutory right to release and was told he could not. He challenges this decision as violative of his due process rights.

Due process requires a counselled evidentiary hearing prior to the rescission of parole release once vested. *Lord v. [Pa. Bd. of Prob. & Parole]*, . . . 580 A.2d 463 ([Pa. Cmwlth.] 1990). Per Board policy[,] however, when rescission is based on the acquisition of a prison misconduct the DOC misconduct hearing obviates the need for a Board evidentiary hearing. The policy violates due process as those accused of prison misconducts are not provided with an attorney at that misconduct hearing. This exact issue is currently before the Commonwealth Court in *Niheim Miller v. Parole Board*, 9 CD 2021.[5] *Miller* was submitted on briefs on July 28, 2021.

C.R. at 65. The administrative remedies form completed by Douglas, referenced by Counsel, includes Douglas's assertion that "on 12/3/21 [he] was giv[e]n a request slip asking to appeal the decision giv[e]n by [the Board]," but that "they [sic] stated

---

(i) For the first recommitment under this subsection, a maximum period of six months.

61 Pa.C.S. § 6138(d)(3)(i).

[4] Counsel stated that he "was not given a copy of the decision recorded 11/22/2021." Certified Record (C.R.) at 64. However, Counsel subsequently asserted in his "no-merit" letter that he reviewed the certified record. Nevertheless, this Court notes that Counsel omitted mention of the November 22, 2021 order of the Board in the recitation of facts contained in the "no-merit" letter.

[5] *See Miller v. Pa. Parole Bd.* (Pa. Cmwlth., No. 9 C.D. 2021, filed December 22, 2021). Unreported memorandum opinions of this Court issued after January 15, 2008 may be cited for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures 210 Pa. Code § 69.414(a).

5

[he could] not appeal the decision giv[e]n by the Board." C.R. at 66. Douglas contended that the inability to appeal was "a direct violation of [his] constitutional right to be able to appeal any decision giv[e]n to [him] under the 14th Amendment" and "the right to Due Process," and requested "an opportunity to appeal." *Id.* at 66-67 (citing U.S. Const. amend. XIV).

By decision mailed September 23, 2022, the Board affirmed its decisions mailed September 1, 2021 and December 2, 2021, recommitting Douglas as a technical parole violator and rescinding Douglas's automatic reparole rights due to misconduct. C.R. at 73. The Board concluded:

> First, to the extent [] Douglas contests the recommitment decision recorded on August 30, 2021, the record reveals that on August 16, 2021, supervision staff presented to him a notice of charges and hearing indicating that he was being charged with violating condition #7[] (unsuccessful discharge from Keystone . . .), in violation of his parole. On August 16, 2021, Douglas signed a form waiving his right to [a] violation hearing and counsel, and admitted to the veracity of the violation charged in the notice. The waiver/admission form he signed specifically indicate[d] that he chose to take said action of his own free will without promise, threat or coercion. This document also gave Douglas ten calendar days to withdraw the waiver/admission. As there is no indication that Douglas withdrew his waiver/admission within that grace period, the above facts show that his waiver/admission was knowing and voluntary. Thus, the Board was authorized to recommit Douglas based on the waiver/admission.
>
> Next, the Prisons and Parole Code[ (Parole Code), 61 Pa.C.S. §§ 101 – 7301,] provides that automatic reparole does not apply to technical parole violators who commit disciplinary infractions [constituting] assaultive behavior. 61 Pa. C.S. § 6138(d)(5). Because Douglas incurred a qualifying misconduct under the statute, the Board acted within its authority by rescinding automatic reparole in

6

this case. Moreover, the Board acted within its discretion by taking this action without conducting an additional evidentiary hearing because Douglas was already afforded due process to challenge the misconduct at issue in the hearing held at the institution. There is no reason for the Board to re-litigate those facts.

. . . .

Accordingly, the appeal panel finds no grounds to grant administrative relief and AFFIRMS the Board decisions recorded on August 30, 2021 (mailed 9/1/2021) and November 22, 2021 (mailed 12/2/2021).

C.R. at 73-74.

As noted above, Douglas's maximum date of March 9, 2024 was not extended at any time. C.R. at 56-57.

On October 12, 2022, Douglas filed his Petition, contending that "the Board erred in rescinding [his] automatic reparole date under Act 122 without an evidentiary hearing or other counseled opportunity to confront the Board's allegation that he committed misconducts." Pet. for Rev. at 3, ¶ 6. Further, Douglas asserted that "[a]s an alleged parole violator has a due process right to counsel and a hearing prior to the rescission of the grant of parole, the Board erred in concluding that the institution's providing [him] with an uncounseled misconduct hearing satisfied due process." Pet. for Rev. at 3, ¶ 7.

In June 2023, Counsel filed the Application to Withdraw and accompanying "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

7

## II. Discussion

Before reviewing the merits of Douglas's appeal, we must first decide Counsel's Application to Withdraw. Under our Supreme Court's holding in *Turner*, court-appointed counsel seeking withdrawal adequately protects an inmate's rights where he presents a "no-merit" letter detailing the nature and extent of his review, listing each issue the petitioner wishes to have raised, and explaining why each issue is meritless. 544 A.2d at 928. A "no-merit" letter must include substantial reasons for concluding that the inmate's arguments are meritless. *Zerby v. Shanon*, 964 A.2d 956, 962 (Pa. Cmwlth. 2009). If this Court, after its own independent review, agrees with counsel that the petition is meritless, counsel will be permitted to withdraw. *Id.*; *Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121 (Pa. Cmwlth. 2005).[6]

---

[6] "It is worth noting that frivolousness is a slightly higher standard than lack of merit; an argument may be meritless, but not frivolous." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citing *Smith v. Commonwealth, . . .* 574 A.2d 558, 562 ([Pa.] 1990)). "[C]ounsel is not permitted to withdraw" pursuant to *Anders v. California*, 386 U.S. 738 (1967), "unless the appeal is wholly frivolous, but . . . counsel is permitted to do so [under *Turner*] if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Zerby*, 964 A.2d at 960 (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007)). Further, as this Court has explained,

> [i]n a case where there is a constitutional right to counsel, counsel seeking to withdraw from representation of a petitioner in an appeal of a determination of the Board should file an *Anders* brief. This arises where the petitioner raises a:

> > colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

## A. Technical Requirements for Withdrawal

First, Counsel must satisfy the technical requirements for withdrawal of representation by (i) notifying the inmate of the request to withdraw; (ii) furnishing the inmate a copy of a "no-merit" letter in compliance with *Turner*; and (iii) advising the inmate of his right to retain new counsel or raise any points he may deem worthy of consideration. *See Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985).

Here, Counsel provided Douglas with a copy of his "no-merit" letter. *See* "No-Merit" Letter at 9. This Court thereafter issued an order notifying Douglas of his right to retain new counsel or file a brief on his own behalf. Cmwlth. Ct. Order, 6/7/23. Counsel served Douglas with a copy of the order. *See* Certificate of Serv., filed 6/13/23. Accordingly, Counsel complied with the technical requirements set forth in *Craig*. *See Smith v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 724 C.D. 2016, filed Mar. 3, 2017)[7] (explaining that by serving a copy of the court's order, counsel notified the petitioner of the right to seek new counsel or file a brief on his own behalf); *see also Adams*.

---

> *Gagnon* [*v. Scarpelli*], 411 U.S. [778, 790 (1973)]. Such claims would only arise in appeals from determinations revoking parole. In an appeal from a revocation decision, this Court will apply the test from *Gagnon*, quoted above, and, unless that test is met, we will only require a no-merit letter.

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009). We note that this Court has evaluated applications for withdrawal from representation of inmates challenging the rescission of a grant of automatic reparole in accordance with the requirements of *Turner*. *See, e.g.*, *England v. Pa. Parole Bd.* (Pa. Cmwlth., No. 960 C.D. 2020, filed July 16, 2021); *Randolph v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 586 C.D. 19, filed January 15, 2020).

[7] Unreported decisions of this Court issued after January 15, 2008 may be cited as persuasive authority. *See* 210 Pa. Code § 69.414(a).

## B. Substantive Requirements for Withdrawal

Next, we consider whether Counsel engaged in a sufficient review, addressed each issue Douglas wished to have raised and explained why those issues are meritless. *See Turner*, 544 A.2d at 928. Douglas argues that the Board erred in rescinding its grant of automatic reparole without first providing the opportunity to participate in an evidentiary hearing with assistance of counsel, or some "other counselled opportunity" to challenge the misconduct charges, insisting that the "uncounseled misconduct hearing" did not obviate due process concerns. Pet. for Rev. at 3, ¶¶ 6-7. Counsel counters that an appeal of a technical violation after one has waived the violation hearing and admitted to the violation is frivolous. "No-Merit" Letter at 4 (citing *Cadogan v. Pa. Bd. of Prob. & Parole*, 571 A.2d 3, 5 (Pa. Cmwlth. 1990)). Counsel also points out that, contrary to Douglas's assertion in his administrative remedies form, the Board decision rescinding the grant of automatic reparole advised Douglas regarding his ability to appeal that rescission. *See id.* at 5. Further, Counsel emphasizes that Douglas filed an administrative remedies form and the Board accepted and ruled upon his administrative appeal. *Id.* Moreover, Counsel asserts that in waiving the right to a violation hearing, Douglas forfeited the ability to dispute the misconduct allegations and relieved the Board of the obligation to produce evidence that Douglas "was at least somewhat at fault" for the discharge from Keystone. *Id.* (quoting *Hudak v. Pa. Bd. of Prob. & Parole*, 757 A.2d 439, 442 (Pa. Cmwlth. 2000)).

Counsel further contends that after the filing of Douglas's December 2021 administrative appeal, this Court held in *Miller*[8] that an inmate has no due process right to a hearing where a grant of parole remains unexecuted at the time of

---

[8] Counsel failed to identify *Miller* as a non-binding unpublished decision in the "no-merit" letter, instead citing the table citation of 271 A.3d 543 for the case.

10

rescission by the Board. *Id.* at 6. Counsel also cites this Court's subsequent holding in *Henderson v. Pennsylvania Parole Board*, 277 A.3d 633 (Pa. Cmwlth. 2022), that a recommitted technical parole violator may not collaterally attack a DOC misconduct determination and, further, that a DOC misconduct hearing and the ability to appeal therefrom adequately protects an inmate's due process rights, as there is no protected liberty interest in an unexecuted grant of parole. *Id.* (citing *Henderson*, 277 A.3d at 633-34). Regardless, Counsel insists that Douglas's status as a convicted parole violator renders the automatic reparole provision of Section 6138(d)(3) of the Parole Code, 61 Pa.C.S. § 6138(d)(3), inapplicable. *Id.* at 7. Counsel maintains that the Board may require a convicted parole violator, such as Douglas, to serve his maximum sentence. *Id.*

We conclude that, as evident from the preceding analysis, Counsel's citation to the certified record, and relevant authorities throughout the "no-merit" letter, Counsel engaged in sufficient review and adequately explained why Douglas's appeal is meritless. *See Turner*, 544 A.2d at 928. Accordingly, we proceed to an independent review of the issues raised by Douglas. *See Zerby*, 964 A.2d at 960 (explaining that where counsel satisfies the technical and substantive requirements for withdrawal, the reviewing court "must then conduct its own review of the merits of the case").[9]

---

[9] "We are [] mindful that [as] this is not a parole revocation order that [Douglas] seeks us to review, [but] rather . . . an order rescinding a previous Board order granting parole, . . . our review of [the] order is severely limited." *Johnson v. Pa. Bd. of Prob. & Parole*, 532 A.2d 50, 52 (Pa. Cmwlth. 1987) (citing *Reider v. Pa. Board of Prob. & Parole*, 514 A.2d 967 (Pa. Cmwlth. 1986); *LaCamera v. Pa. Board of Prob. & Parole*, 317 A.2d 925 (Pa. Cmwlth. 1974); *cf. Reider*, 514 A.2d at 972 (granting the Board's motion to quash, "hold[ing] that the Board's refusal to grant a parole [was] not reviewable by this Court," as it was "wholly a matter of the Board's discretion," and, therefore "simply not subject to judicial review"); *LaCamera*, 317 A.2d at 927 (quashing inmate's appeal from Board's denial of parole on the basis that "[p]arole, being a matter of

## C. Independent Review

We observe, at the outset, the expiration of Douglas's maximum sentence date on March 9, 2024. As this Court has explained,

> generally, a case will be dismissed as moot if there exists no actual case or controversy. *Fraternal Ord[.] of Police v. City of Phila[.]*, 789 A.2d 858 (Pa. Cmwlth. 2002). The existence of a case or controversy requires
>
>> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.
>
> *Dow Chem[.] Co[.] v. [U.S.] Env['t] Prot[.] Agency*, 605 F.2d 673, 678 (3[]d Cir. 1979). A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Cont['l] Bank Corp.*, 494 U.S. 472, 477-[]78 . . . (1990) (quotation omitted). Courts will not enter judgments or decrees to which no effect can be given. *Britt v. Dep['t] of Pub[.] Welfare*, 787 A.2d 457 (Pa. Cmwlth. 2001). An exception to mootness will be found where (1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination. *Horsehead Res[.] Dev[.] Co[.], Inc. v. Dep['t] of Env['t] Prot[.]*, 780 A.2d 856 (Pa. Cmwlth. 2001).

*Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119- 20 (Pa. Cmwlth. 2004).

---

administrative discretion and determination, is non judicial and not subject to judicial review under the law of Pennsylvania as now existing").

Whether an issue has become moot implicates a threshold question of justiciability. *See Town of McCandless v. McCandless Police Officers Ass'n*, 901 A.2d 991, 1002 (Pa. 2006) (holding that "[m]ootness poses a question of justiciability"); *see also Robinson Township v. Commonwealth*, 83 A.3d 901, 917 (Pa. 2013) (stating that "[i]ssues of justiciability are a threshold matter generally resolved before addressing the merits of the parties' dispute").[10]

Here, in 2018, Douglas received a maximum sentence date of March 9, 2024. C.R. at 3. The Board paroled Douglas in March 2021 but recommitted him several months later on the basis of a technical parole violation and his conviction for a summary offense. *See id.* at 47-49 & 59. In September 2021, the Board informed Douglas that he would be automatically reparoled without further action of the Board on February 16, 2022, pending resolution of any outstanding criminal charges and provided he did not commit a disciplinary infraction involving assaultive behavior. *Id.* at 45. The following month, Douglas committed an assaultive misconduct. *Id.* at 47-49. Accordingly, the Board rescinded its grant of automatic reparole. *Id.* at 51-56. The Board awarded Douglas credit for time spent

---

[10] As our Supreme Court has explained,

> [i]n contrast to the federal approach, notions of case or controversy and justiciability in Pennsylvania have no constitutional predicate, do not involve a court's jurisdiction, and are regarded instead as prudential concerns implicating courts' self-imposed limitations. *See Fumo v. City of Philadelphia, . . .* 972 A.2d 487, 500 n. 5 ([Pa.] 2009); *Rendell [v. Pa. State Ethics Comm'n]*, 983 A.2d [708,] 717 & n. 9 [Pa. 2009]. Justiciability questions are issues of law, over which our standard of review is *de novo* and the scope of review is plenary. *Council 13,* [*Am. Fed. of State, Cnty. & Mun. Empl., AFL-CIOI v. Commonwealth*,] 986 A.2d [63,] 74 n. 10 []Pa. 2009).

*Robinson Township*, 83 A.3d at 917.

at liberty on parole, and his March 9, 2024 maximum sentence date remained unchanged. *See id.* at 56-57 & 59. No evidence of record suggests that Douglas has been charged with or convicted of any additional crimes that could extend his maximum sentence date. In fact, it appears that Douglas is no longer in the custody and control of the Commonwealth.[11] As Douglas's maximum term has expired, any judgment entered in the instant appeal would be without effect. *See Mistich*, 863 A.2d at 119; *see also Graves v. Pa. Parole Bd.* (Pa. Cmwlth., No. 823 C.D. 2022, filed Jan. 9, 2024), slip op. at 6 (dismissing as moot a petition for review challenging the Board's recalculation of the petitioner's maximum sentence date, concluding that, in light of the expiration of the petitioner's maximum term, "[a]ny judgment entered would be without effect" as "[t]he mere passage of time [] resolved the issue of the date of [the] [p]etitioner's release").

Further, though capable of repetition, the issue raised by Douglas in his Petition would not evade review; indeed, this Court has squarely rejected the assertion that due process requires the Board to hold a separate evidentiary hearing before rescinding a grant of automatic reparole on the basis of an assaultive misconduct where, as here, the grant of parole has not yet been executed.[12] *See Henderson*, 277 A.3d at 638 (holding that the Board's rescission of its grant of automatic reparole on the basis of the inmate's assaultive misconduct pursuant to Section 6138(d)(5)(i) of the Parole Code, 61 Pa.C.S. § 6138(d)(5)(i), in the absence of a counselled hearing did not violate the inmate's due process rights, where the

---

[11] *See* https://inmatelocator.cor.pa.gov/#/ (last visited Apr. 26, 2024).

[12] Likewise, Douglas's "case [does not] involve[] issues of great public importance," nor will "one party [] suffer a detriment in the absence of a court determination." *Mistich*, 863 A.2d at 119.

14

Board issued its rescission decision before the inmate's automatic parole was executed);[13] *see also Miller*, slip. op at 8-9 (concluding that the Board did not violate an inmate's due process rights by rescinding its grant of automatic reparole pursuant to Section 6138(d)(5)(i) of the Parole Code, 61 Pa.C.S. § 6138(d)(5)(i), without first holding a counselled hearing, where the inmate's automatic parole was not yet executed). Thus, the expiration of Douglas's maximum term has rendered moot his appeal from the Board's rescission of its automatic grant of reparole. *See Himchak v. Pa. Parole Bd.* (Pa. Cmwlth., No. 1466 C.D. 2021, filed Nov. 17, 2023), slip op. at 7 (dismissing as moot a petition for review challenging the Board's rescission of its prior grant of automatic reparole due to the petitioner's commission of an assaultive misconduct, where the petitioner's maximum term had expired and no evidence of record indicated that the petitioner was under the custody and control of the Commonwealth); *Johnson v. Pa. Parole Bd.*, 300 A.3d 525, 528 (Pa. Cmwlth. 2023) (concluding, "it is well settled that the expiration of a parolee's maximum term renders an appeal from [a] Board[] revocation order moot").

### III. Conclusion

For the foregoing reasons, we grant Counsel's Application to Withdraw, and we dismiss Douglas's Petition as moot. *See Gonzalez v. Pa. Parole Bd.* (Pa. Cmwlth., No. 924 C.D. 2022, filed Apr. 10, 2024), slip op. at 3-4 & 7-8 (granting counsel's application to withdraw and dismissing petition for review as moot, where the expiration of the petitioner's maximum carceral term rendered moot

---

[13] The *Henderson* court further explained that "any process that [the inmate] was due with respect to his disciplinary infraction that took place at the [prison] was provided through the grievance procedure that [the inmate] could pursue with respect to those disciplinary proceedings." *Henderson*, 277 A.3d at 637.

his challenge to the Board's recalculation of his maximum sentence date); *Dunell v. Pa. Parole Bd.* (Pa. Cmwlth., No. 1154 C.D. 2022, filed Nov. 17, 2023), slip op. at 5-6 (same); *accord Tarr v. Pa. Parole Bd.* (Pa. Cmwlth., No. 1296 C.D. 2022, filed March 11, 2024), slip op. at 6 (quashing petition for review as untimely filed and granting counsel's application to withdraw).

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Douglas,                    :
                 Petitioner         :
                                    :
         v.                         :
                                    :
Pennsylvania Parole Board,          :    No. 1107 C.D. 2022
                 Respondent         :

# **O R D E R**

AND NOW, this 29th day of April, 2024, the Application for Withdrawal of Appearance submitted by David Crowley, Esquire, is GRANTED. The Petition for Review filed by Derrick Douglas on October 12, 2022 is DISMISSED as MOOT.

_____
CHRISTINE FIZZANO CANNON, Judge